THE ELECTRON.

ELECTRO-DYNAMIC Co. *v.* THE ELECTRON.

BIGLER *v.* THE ELECTRO-DYNAMIC Co.

*(District Court, S. D. New York. December 10, 1891.)*

1. ADMIRALTY JURISDICTION—SUPPLIES—DAMAGES FOR BREACH OF CONTRACT.
   A contract for supplies to a vessel being a maritime contract, a court of admiralty has jurisdiction to give damages for a breach of the contract as to the quality of the supplies furnished, or for misrepresentations, or other breaches in the performance of it.
2. SAME—PRACTICE—RULE 53—COUNTER-CLAIM—SECURITY BY LIBELANT.
   In a suit *in rem* for the price of such supplies, the defendant, having given security, is entitled, under rule 53, to security from the libelant, upon filing a cross-libel to recover damages for breaches of the same contract on which the libelant sues.

In Admiralty. The Electro-Dynamic Company of Philadelphia libeled the yacht Electron to recover for machinery furnished. James Bigler filed a cross-libel, and moved for stay until security is filed.

*Wilcox, Adams & Green,* for motion.

*Robinson, Bright, Biddle & Ward* and *Mr. Ward,* opposed.

BROWN, J. In the first above libel the claim is for $2,106.08, with interest, the balance of a bill alleged to be due "in and about the refitting and repairing" of the yacht Electron, belonging in Philadelphia, by furnishing her with a quantity of electrical machinery for the purpose of propelling her by electricity. The yacht was arrested and released on security given, and has answered, alleging misrepresentations and various breaches in the performance of the contract under which the repairs were furnished, and an offer to return the articles. The cross-libel alleges substantially the same misrepresentations and breaches, and claims damages by reason thereof in the sum of $4,553.04. Under the fifty-third rule of the supreme court in admiralty, she now moves that the respondents' proceedings in the original libel be stayed until security is given for the damages claimed in the cross-libel. The defense to the original libel is the same as the ground of claim in the cross-libel. The case is therefore within the fifty-third rule of the supreme court in admiralty, as construed by this court in the case of *Vianello* v. *Credit Ly-*
v.48F.no.8—44

*onnais,* 15 Fed. Rep. 637. It is urged, however, that the cross-libel is for a demand which could not be entertained in admiralty, because it is merely an action for damages for the breach of a contract for supplies. No doubt, if the court was without jurisdiction of the cause of action stated in the cross-libel, the motion should not be granted; but, though actions for damages and for misrepresentations and breaches of contracts for supplies may not be frequent, I cannot regard them as beyond the proper jurisdiction of the admiralty. In the case of *The Eli Whitney,* 1 Blatchf. 360, though it was held that an action *in rem* would not lie for false representations which had been the inducement to the execution of a charter-party, there is no intimation that an action *in personam* would not lie for such a cause. The contract in this case, being for supplies, is a maritime contract, within the ordinary jurisdiction of the admiralty courts. Upon such a contract, and all its incidents, the rights and remedies of the parties are reciprocal. The contract being maritime, the admiralty, says CURTIS, J., in *Church* v. *Shelton,* 2 Curt. 271, 274, "will proceed to inquire into all its breaches, and all the damages suffered thereby, however peculiar they may be, and whatever issues they involve." See, also, *Cox* v. *Murray,* Abb. Adm. 342; *The J. F. Warner,* 22 Fed. Rep. 342; *The W. A. Morrell,* 27 Fed. Rep. 570; *The Baracoa,* 44 Fed. Rep. 102. In the latter case the action was for damages for breach of the stipulations of a charter-party, and, as respects jurisdiction, is indistinguishable from the present, though the form of remedy in this case is *in personam* only. The cross-libel is therefore properly brought, and falls within the rule; and the motion for stay of proceedings on the original libel, until security is given, is granted.