THE SEVEN SONS.

ANCHUTZ et al. v. THE SEVEN SONS et al.

(District Court, W. D. Pennsylvania. April 23, 1895.)

ADMIRALTY JURISDICTION—MARINERS' WAGES—VOYAGE NOT PERFORMED.

Where river pilots were employed, at a specified rate, to go on a particular voyage on the next·rise in the river, and, though the rise came, the voyage was not performed, *held*, that they could not maintain a libel in rem for wages, it appearing that they never performed any labor under the contract and never went on board, but only reported to the captain's office on shore, where they were told that the trip would not be made.

Albert York Smith, for libelants.
Geo. C. Wilson, for respondents.

BUFFINGTON, District Judge.   This is a libel filed by Lee Anchutz and D. A. McDonald, Jr., against the steamer Seven Sons. The allegation of the libelants is that, about November 28, 1894, they were employed by C. W. Posey, the captain of that vessel, to make a trip from Pittsburgh to Cincinnati and return on the next rise of the river; that Anchutz was to serve as pilot at $125 for the trip, and was paid $15 on account in advance; that McDonald was to act as assistant pilot at $100 for the trip; that such a rise happened early in December, and libelants held themselves in readiness to go, but the vessel did not proceed on the trip. · The respondents claim the agreement was conditioned upon the vessel making the trip; that she did not make the run to Cincinnati as contemplated, but instead made a trip to Steubenville; that they offered said trip to Anchutz but he declined to accept it unless he was paid at the Cincinnati rate.

Two questions are raised: First, have the libelants proven an absolute hiring for the trip if the rise came? and, secondly, conceding they have, have they a lien upon the vessel in view of the fact that the trip was not made?   Conceding, for present purposes, there was an unconditional contract for a trip to Cincinnati on the rise which occurred, yet the facts remain that the vessel did not make the trip and the libelants did not render any services whatever in pursuance of the contract, nor were they, indeed, on the vessel. They only claim they reported at the shore office of the captain, and were informed the trip would not be made.   Under these facts, it is quite clear to us that, whatever rights the libelants had, they cannot be enforced in the present proceeding.   In the case of Vandewater v. Mills, 19 How. 90, Mr. Justice Grier cites the case of The City of London, 1 W. Rob. Adm. 89, and says:

"It was decided that a mariner who had been discharged from a vessel after articles had been signed might proceed in the admiralty in a suit for wages, the voyage for which he was engaged having been prosecuted; but, if the intended voyage be altogether abandoned by the owner, the seaman must seek his remedy at common law by action on the case."

An examination of the cases fails to show any departure from this doctrine.   It seems founded on correct principles which, in view of the authoritative character of the foregoing decision, we do not deem it necessary to adduce.   Any seeming departures from it will be found on closer examination not to be such, for the cases cited on argument show that where liens were sustained (though the voyage was abandoned) the libelants had gone aboard the vessel and had performed some work in pursuance of their hiring,—an entirely different state of facts from those before us.   The law is with the respondents in this case, and the libel will be dismissed, without prejudice.   Let a decree be prepared.