### THE PEARL.

#### (District Court, E. D. North Carolina. April 15, 1911.)

#### No. 42.

1. MARITIME LIENS (§ 57*)—STATUTORY LIENS—JURISDICTION TO ENFORCE.

A lien given by a state statute for materials or supplies furnished to a vessel in her home port in the state is enforceable by suit in rem in a court of admiralty.

[Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. § 96; Dec. Dig. § 57.*

Maritime liens created by state laws, see note to The Electron, 21 C. C. A. 21.]

2. MARITIME LIENS (§ 25*)—STATUTORY LIEN FOR MATERIALS FURNISHED—GAS ENGINE—"MATERIAL."

Under Revisal N. C. 1905, § 2016, which gives a lien on a vessel for all debts contracted "for work done on the same or material furnished," one who furnished an engine to be installed in a gas boat, relying on the credit of the vessel, is entitled to a lien therefor as "material," on compliance with the statute as to recording; and it is immaterial that by the contract it reserved title to the engine until paid for.

[Ed. Note.—For other cases, see Maritime Liens, Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 5, p. 4404.]

In Admiralty. Suit by the Page Engineering Company against the gas boat Pearl; the Oriental Manufacturing Company, claimant. Decree for libelant.

R. A. Nunn, for libelant.
Guion & Guion, for claimant.

CONNOR, District Judge. The report of the commissioner discloses the following case: The Page Engineering Company, libelant, is a corporation, created under and conducting business in the state of Maryland. Claimant, the Oriental Manufacturing Company, is a corporation conducting business at Oriental, Pamlico county, in the Eastern district of the state of North Carolina, and is the owner of the gas boat Pearl. Claimant purchased the said boat during the month of February, 1910, and subsequent thereto, to wit, on the 26th day of said month, purchased from the libelant, Page Engineering Company, one 25 horse power Oriole engine, with complete engine equipment, for which it agreed to pay the sum of $750—one-fifth thereof cash, and the balance, in equal installments of $300 each, in three and six months

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from date, for which deferred payments claimant executed its promissory notes. The title to said engine and equipment was retained by libelant until said notes were paid. The said engine and equipment were furnished and delivered to claimant to be used in the said gas boat Pearl, which was being repaired and remodeled by claimant at Oriental, N. C. The said engine and equipment were furnished as material and supplies upon the credit of said boat, and same were installed in said boat by claimant. That thereafter, on the several dates set out in the statement of account filed with the commissioner, libelant, at the request of claimant, sold, furnished, and delivered to claimant, upon the credit of said boat and to be used therein, supplies of the value of $61.85. Said supplies were used in the remodeling and repairing said boat. Claimant has not paid the said notes, nor the amount due for said supplies. The engine, equipment, and other supplies and materials sold by libelant to claimant for the aforesaid purpose, were of the quality and character represented by it, and complied with the conditions upon which such sales were made. Libelant, Page Engineering Company, on the 13th day of October, 1910, filed its notice of lien for material furnished as above set forth in the office of the clerk of the superior court of Pamlico county, and the same has been duly docketed on the lien book in said county, as required by the statute in that respect, etc. Said gas boat Pearl is now, and has been at the several dates herein set forth, at her home port, Oriental, Pamlico county, N. C., and is duly registered in the custom house at New Bern, N. C.

[1] Claimant filed exceptions to the findings of fact by the commissioner. After hearing oral arguments and giving to the testimony careful consideration, I am of the opinion that the exceptions cannot be sustained. The conclusions of fact, as above set forth, are approved and adopted. Libelant bases its right to maintain its suit in admiralty upon the North Carolina statute, which provides that:

"Every building, built, rebuilt, repaired or improved, * * * and every farm or vessel, or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished." Rev. 1905, § 2016.

Provision is further made by the statute for filing notice of the lien, which it is conceded has been complied with by libelant. It is settled that, when the state statute of the home port of a vessel gives a lien for material furnished, such lien, when perfected under the state statute, may be enforced against the boat by a proceeding in admiralty in the District Court of the United States. Admiralty Rule 12. Judge Gray, in the Vigilant, 151 Fed. 747, 81 C. C. A. 371, discusses the question at length and with abundant learning. He says:

"The general maritime law of the United States creates no lien for supplies to a domestic vessel, and there can, therefore, be no proceeding in rem for the debt so incurred. The lien created, however, by the local statute, being maritime in its nature, furnishes the foundation for such proceedings in rem in the admiralty court, the jurisdiction of which found itself upon the existence of a maritime lien, though created by a state statute in the fashioning, creation, and limitation of which the general maritime law has no part." The Glide, 167 U. S. 606, 17 Sup. Ct. 930, 42 L. Ed. 296.

[2] I am of the opinion that the engine and equipment, together with the other articles furnished by libelant, under the circumstances set forth in the testimony, come within the term "materials." The statute is remedial, and has been uniformly construed to advance the remedy. They were "of a nature suited to the vessel and as a means of preparing her for her maritime enterprise." 20 Cyc. 760. Whatever the presumption may be as to whether the material was furnished on the credit of the boat, or the personal credit of the owner of it, is not necessary to be considered, because the commissioner has found, as a fact, that they were furnished on the credit of the boat. It is true that claimant insists that there is no evidence to sustain this finding. This contention is met, however, by the testimony of R. A. Dudley, who made the sale as the agent of libelant. In response to the question as to the inducement which caused him to make the sale, he said:

"Well, the first was due to the $150 cash, and the balance was two notes; and, of course, knowing that the boat was responsible for any repairs, machinery, and accessories, we should install and put there after the engine was sold."

The last sentence of this answer, it is insisted by claimant, sustains its position. While ambiguous, I think the entire answer should be considered, and evidently means that witness looked to the boat. This is certainly some evidence that the libelant sold and delivered the machinery, etc., upon the credit of the boat. There is no evidence as to claimant's understanding, and it is suggested that, in order to create the lien, both parties must have understood that the material was bought and sold upon the credit of the boat. This question was discussed by Circuit Judge Putnam in The Iris, 100 Fed. 104, 40 C. C. A. 301, in which case he was construing the Massachusetts statute, giving a lien for material furnished. He says:

"There is no necessity, under the local statute, of either alleging or proving that credit was given the vessel by mutual agreement." The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 498, 37 L. Ed. 345.

It is settled that the retention of title to the engine until the debt was paid does not prevent the statutory lien from attaching. In C. & A. Railroad Co. v. Union Rolling Mills, 109 U. S. 702, 721, 3 Sup. Ct. 594, 27 L. Ed. 1081, this contention was made. The court quotes with approval this language from the Supreme Court of Illinois in Clark v. Moore, 64 Ill. 279:

"The lien [statutory lien] attaches to and incumbers the property to improve which the material is furnished, and the effort to acquire a more specific and exclusive lien thereon in no wise manifests an intention to release the property from all liens and look to other security for payment; but it shows the very opposite intention, an intention to hold, if possible, the property liable for the payment of their claim." 20 A. & E. Enc. 500; 27 Cyc. 276; The Thomas Morgan (D. C.) 123 Fed. 781.

I concur with the commissioner that claimant has not sustained its counterclaim. Claimant is insolvent and its property in the hands of a Receiver. While the case is not free from difficulty, upon a consideration of the entire record, I am of the opinion that the report of the commissioner should be confirmed.

Let judgment be drawn accordingly.