REICHERT TOWING LINE, Inc., v. LONG ISLAND MACHINE & MARINE CONST. CO. et al.

(District Court, E. D. New York.    October 18, 1922.)

1. Admiralty ⊗⟹14—Has jurisdiction over contract to repair vessels or furnish materials.
     An admiralty court has jurisdiction of a contract to repair a vessel or to furnish machinery thereto, if the work is improperly performed or the machinery furnished is defective.

2. Admiralty ⊗⟹7—Has no jurisdiction over nonmaritime subjects.
     The court of admiralty has no jurisdiction of nonmaritime subjects.

3. Admiralty ⊗⟹14—Furnisher of casting to contractor for repair of vessel is not subject to admiralty jurisdiction; "maritime contract."
     One who contracted to furnish a casting, to be used in the repair of the vessel, to the contractor engaged in making the repairs, cannot be brought into admiralty under the fifty-sixth rule in proceedings against the contractor for defects in the casting, since an agreement to furnish an article which the other party has contracted to supply to a vessel is not a "maritime contract."
     [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maritime Contract.]

In Admiralty. Libel by the Reichert Towing Line, Inc., against the Long Island Machine & Marine Construction Company, in which the respondent filed a petition praying that the McGee-Russell Founders' & Machinists' Company, Inc., be brought in under the fifty-sixth rule in admiralty (267 Fed. xxi). Petition to implead dismissed.

Foley & Martin, of New York City, for libelant.
Alexander & Ash, of New York City (Mark Ash and Edward Ash, both of New York City, of counsel), for respondent.
William Rasquin, Jr., of New York City, for McGee-Russell Founders' & Machinists' Co., Inc.

GARVIN, District Judge. Libelant brought an action in admiralty against the respondent for damages caused by the latter's failure to deliver a cylinder which it was to build and install in the tug Joseph C. Reichert within 5 weeks from the arrival of the tug at the respondent's plant. The libel sets forth that the cylinder was installed some months after the agreed time, and that as soon as the tug was put in operation the cylinder burst; that the respondent agreed to install a new cylinder in place thereof within 26 days, but delayed so doing for a further period of several months. Damages are demanded, based upon the reasonable value of the use of the vessel for the time during which she was withheld from libelant.

⊗⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The respondent has filed a petition, under rule 56 of the General Rules in Admiralty (267 Fed. xxi), praying that McGee-Russell Founders' & Machinists' Company, Inc., may be brought in to answer the libel, claiming that the latter is primarily liable for any delay for which the respondent would be answerable in damages to libelant. The petition alleges that, subsequent to the arrival of the tug at respondent's plant, the respondent made an agreement with Joseph McGee Iron & Brass Foundry Company (for the obligations of which McGee-Russell Founders' & Machinists' Company, Inc., has since become liable) by which the said McGee Company was to make a casting of the said cylinder, well knowing the uses for which it was intended, and that the McGee Company impliedly warranted said casting to be fit for said uses and purposes; that the cylinder was defective, and that the McGee Company, when notified, furnished another. The McGee-Russell Company has filed exceptions, both to the libel and to the petition, claiming, first, that neither discloses any damages to libelant and to petitioner as against respondent; second, that neither discloses any maritime claim or lien upon which a decree in admiralty against respondent can rest; third, that neither discloses any claim or lien as a result of which the court has jurisdiction against respondent.

[1] There is no doubt that this court has jurisdiction in admiralty of a claim for breach of contract to repair a vessel or to furnish machinery thereto, if the work is improperly performed or the machinery furnished defective. The Electron (D. C.) 48 Fed. 689; The Venezuela (D. C.) 173 Fed. 834.

[2] There is equally no doubt that a court of admiralty has no jurisdiction of nonmaritime subjects. The Goyaz (D. C.) 281 Fed. 259.

[3] We are thus brought to the consideration of whether the contract between the respondent and the Joseph McGee Company was a maritime contract. If the latter company had furnished the cylinder casting to the tug direct, or to the tug's owner for use thereon, no doubt the contract would be maritime. But here we have an agreement between two parties, by which one undertakes to furnish to the other an article which the latter has contracted to supply to a vessel. The latest judicial expression on the subject which I regard as controlling is found in the case of Aktieselskabet Fido v. Lloyd Braziliero, 283 Fed. 62, decided by the Second Circuit Court of Appeals, on June 19, 1922. Under the authority of that case, I conclude that the exceptions are well taken, and the petition to implead must be dismissed.