### LINEN THREAD CO. v. SHAW et al.
### SAME v. MILLS.

(Circuit Court of Appeals, First Circuit. December 7, 1925.)

Nos. 1852, 1853.

**1. Admiralty ⬳59—Pleadings in admiralty need not conform to common-law requirements.**

Pleadings in admiralty need not conform to common-law requirements, provided nature of claim is properly stated, so that it may be fully understood by court, and justice administered.

**2. Admiralty ⬳62—Cross-libel held to state claim for seller's breach of implied warranty of fishing seine and accessories.**

Cross-libel, alleging that seine and its accessories were so negligently constructed that it parted, causing loss of mackerel catch, *held* to state claim for damages for breach of implied warranty, in view of admissions in seller's answer.

**3. Admiralty ⬳14—Contract to furnish seine to fishing vessel held maritime contract.**

Contract to furnish seine and accessories to fishing vessel *held* maritime contract, and suit thereon was within admiralty jurisdiction.

**4. Admiralty ⬳62—District Court has jurisdiction to sustain cross-libel for breach of maritime contract.**

District Court has jurisdiction to sustain cross-libel for breach of maritime contract sued on.

9 F.(2d)—2

**5. Sales ⬳273(3)—Seller impliedly warrants that articles sold shall be reasonably fit for purpose intended.**

At common law manufacturer or dealer impliedly warrants that articles sold shall be reasonably fit for purpose for which he knew they were intended, if purchaser relies on his skill and knowledge, and Massachusetts statute is but declaratory thereof.

**6. Sales ⬳442(6, 7)—Seller of seine held liable to buyer for defects therein causing loss of catch.**

Where fishing schooner would have reduced mackerel catch to possession, if purse line of seine had not parted, seller of line was liable for loss as damages for breach of implied warranty.

**7. Damages ⬳6—If damages are certain, uncertainty as to extent thereof does not prevent recovery.**

Rule that damages, if uncertain, cannot be recovered, applies to their nature, and not to their extent, and, if damages are certain, uncertainty in extent thereof does not prevent recovery.

**8. Sales ⬳441(4)—Evidence held to sustain finding as to amount of damages caused by defective seine.**

Evidence *held* to sustain finding as to amount of mackerel lost by fishing schooner, because of defective seine purchased from libelant.

**9. Admiralty ⬳88—Where question was fully heard without objection, decree should determine merits of controversy.**

Where question was fully heard without objection as to technical defects in parties and procedure, decree should determine merits of controversy.

Appeals from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Libel by the Linen Thread Company against Maurice P. Shaw and others, and cross-libel by Alden A. Mills against Linen Thread Company. From a decree (275 F. 937) for the Thread Company on the libel, granting insufficient relief, and from a decree against it on the cross-libel, it appeals. Affirmed.

Carlton Wonson, of Gloucester, Mass., for appellant.

Michael F. Shaw, of Boston, Mass., for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. These are appeals in admiralty from decrees in two libels growing out of the same subject-matter.

In 1918 the Linen Thread Company was the manufacturer of seines, netting, and fishing accessories, with mills in several

places and an office in Boston, Mass. The agents of the schooner Sam and Priscilla, by direction of the owner, applied to the Linen Thread Company to furnish a seine, and received on February 16, 1918, a letter confirming a telephone conversation in relation to its purchase which contained the following statement: "We will coal tar and rig complete in the usual manner with corks, leads, rings and purse line." The seine was delivered to the schooner in the latter part of April, 1918, and a bill for the same rendered to the agents of the schooner for about $3,000, which was paid, except a few items, including $117.45, the price of a two-inch purse line of 300 fathoms and weighing 251 pounds. The whole amount of the claim for which the vessel was libeled was $250.38. The owner of the schooner at the time of the purchase of the seine was Alden A. Mills, the libelant in No. 1853. He was cited in by the claimant of the schooner at the time the libel was brought to appear and defend against it. He did so, and filed an answer, admitting his ownership of the schooner in the year 1918, that said schooner was engaged in mackerel fishing during that season, and that he did contract with the libelant to furnish a seine and accessories to enable the schooner to engage in the mackerel seining fisheries, but that the seine furnished and its accessories were defective in construction, and that the purse line broke during the haul of a catch of mackerel allowing the whole catch to escape, to the great damage of the respondent. He also filed a cross-libel in which it is alleged that the seine furnished by the Linen Thread Company and its accessories, including a two-inch purse line, was so negligently constructed that the first time it was used it parted, and by reason of such parting a catch of mackerel was lost, compelling the abandonment of the trip and causing the loss of proceeds of the same.

The Linen Thread Company filed its answer to the cross-libel, admitting that the schooner was regularly engaged in fisheries from the ports of Boston and Gloucester during the year 1918, and engaged for a part of that time in seining for mackerel; that the Linen Thread Company was engaged during the same period in the business of selling netting and accessories used in the business catching fish; that a seine with its accessories, including a two-inch purse line, was delivered to the schooner on the order of the agents of the schooner; and that it sold and delivered the kind of articles called for in the order, and that the "seine was

reasonably fit for the purpose for which it considered it intended to be used." The libels were heard together, and may be considered in one opinion.

Upon the libel of the Linen Thread Company the District Judge has disallowed the amount claimed to be due for the purse line, $117.45, and has allowed the other items in its claim.

Upon the cross-libel of the owner of the schooner against the Linen Thread Company, the court, after it had referred the libel to an assessor to state damages, decreed that Mills should recover $1,200 and costs against the Linen Thread Company, which has appealed from both decrees.

There are 24 assignments of error. The first contention of the appellant is that the District Court erred in not ruling that it had no jurisdiction to entertain the cross-libel; that it alleges the commitment of a tort, which, because the seine was delivered upon the wharf in Gloucester, was not a maritime tort, and that, if it were one, the court was without jurisdiction, because it was not proved that the purse line was negligently constructed; that the court erred in holding that the libelant in the cross-libel could recover on the ground of breach of an implied warranty, because no facts were alleged which would sustain such a decree. [1-4] The pleadings in admiralty are simple, and it is not necessary that they conform to the requirements of common-law pleadings, provided the nature of a claim is properly stated, so that it may be fully understood by the court and justice administered. We think the allegation in the cross-libel was sufficient to state a claim for damages because of a breach of an implied warranty to furnish a seine which, with its accessories, was reasonably fit for the purpose for which the respondent knew it was to be used. In its answer the respondent admits that the schooner was regularly engaged in fisheries during the year 1918, and a part of that time in seining for mackerel, and that the seine with its accessories, which included the two-inch purse line, was delivered to the schooner, to be used by it "in pursuing said fisheries." While, therefore, the libel does not contain an allegation that the Linen Thread Company knew the purpose for which the seine and its accessories, including the purse line, was to be used, it admits in its answer that it had such knowledge. The contract to furnish the seine and accessories, including the purse line, was a maritime one, and within the jurisdiction of the court of admiralty. See Hiram R. Dix-

on (D. C.) 33 F. 297. As the contract·was a maritime one, the court could sustain a cross-libel for its breach. The Electron, 48 F. 689, 21 C. C. A. 12; The Highland Light (D. C.) 88 F. 296; The Venezuela (D. C.) 173 F. 834; Reichert Towing Line, Inc., v. Long Island Machine & Marine Construction Co. (D. C.) 287 F. 269.

[5] Regardless of the statute of Massachusetts, there is under the common law an implied warranty that articles supplied by a manufacturer or dealer shall be reasonably fit for the purpose for which he knew they were intended, provided the purchaser relies upon his skill and knowledge. The Massachusetts statute is but declaratory of this. The testimony taken by the master fully proved that the purse line was defective and unfit for the use for which it was intended. While the Linen Thread Company did not manufacture the purse line, yet, as it was one of the accessories of the seine furnished by it, it was its duty to ascertain that it was suitable for the purpose for which it was to be used. The seine, after its delivery, was used for about six weeks in pollock and herring fishing, and then its use was attempted by the schooner for mackerel fishing. The undisputed testimony was that, when an attempt was made to close the net upon the first catch of mackerel, and the catch had been inclosed within the net, so that it was being raised from the water, the purse line broke and the whole catch was lost; that it was spliced, and several attempts made to use it again, but with the same result as at the first attempt, and the schooner gave up its fishing trip and returned to port.

[6] It is contended that the libelant in the cross-libel had no property in the catch of mackerel, as he had not reduced the fish to possession. The evidence, however, discloses that the schooner had practically done so, and that, if the purse line had not parted, it would have landed the whole catch.

[7-9] It is also claimed that damages could not be awarded because too uncertain. The captain of the schooner estimated the weight of the mackerel within the net to be at least 20,000 pounds. The rule that damages, if uncertain, cannot be recovered, applies to their nature, and not to their extent. If the damage is certain, the fact that its extent is uncertain does not prevent a recovery. The market price of mackerel during the month of May, 1918, was proven, and we think there was sufficient evidence to sustain the report of the master that the weight ·of the mackerel lost because of the defective purse line was about 20,000 pounds. The court below, in confirming the report of the master, stated that, as the schooner was on "one-half lay," the owner was entitled to but one-half the damages found by the master, and that, although there would have been a possibility of a technical defect in parties and procedure, if the question had been raised earlier, as the case had been fully heard, both on liability and on damages, without reference to it, and the proper result reached, the decree should deal with the merits of the controversy. We have reached the same conclusion, and it is ordered that the entry be in both cases:

Decree of the District Court affirmed, without costs.