---

## THE E 270.

(District Court, D. Massachusetts. January 12, 1927.)

No. 3279.

1. Maritime liens ⬀40—Reservation of title to engine installed in boat does not defeat maritime lien for unpaid price.

Fact that seller of engine to be installed in boat reserved title does not defeat maritime lien for unpaid price.

2. Maritime liens ⬀43—Seller's agreement to accept personal notes for engine installed in boat is not waiver of maritime lien for unpaid price.

Seller's agreement in contract of sale to accept personal notes for engine to be installed in boat does not amount to waiver of maritime lien for unpaid price, particularly where notes were never given.

3. Sales ⬀266—Seller held not to have impliedly warranted that boat engine would perform satisfactorily in respect to handling hoisting gear used in flounder dragging (Sales Act [G. L. Mass. c. 106, § 17]).

Seller of engine for boat held not to have impliedly warranted, under Sales Act (G. L. Mass. c. 106, § 17), that it would perform satisfactorily in relation to handling hoisting gear for drags used in flounder dragging, although having knowledge that engine was for boat engaged therein.

In Admiralty. Libel by Minor & Olsen, Inc., against the E 270. Decree for libelant.

Tyler, Tucker, Eames & Wright and Thomas M. Reynolds, all of Boston, Mass., for libelant.

Beaton H. Squires, of Boston, Mass., opposed.

MORTON, District Judge. This is a libel to recover a balance due for a new engine. The boat has been sold and the net proceeds are now in the registry. The questions are (1) whether the boat is liable for the engine; and (2) how much, if anything, is due. [1, 2] As to the first: For reasons which I stated orally at the conclusion of the argument, I think it clear that Mrs. Bowdring, the owner of the boat, knew of and assented to the contract for the installation of this engine, understanding that the boat was to be liable therefor. The fact that the seller of the engine reserved title does not defeat a maritime lien for the unpaid price. See The Pearl (D. C.) 189 F. 540, and cases cited; also Hoover v. Featherstone, 111 F. 81 (C. C. A. 8th); Perkins v. The Golden Girl, 185 Mich. 200, 151 N. W. 660. Nor did the seller's agreement in the contract of sale to accept the personal notes of Bowdring and Devereaux amount to a waiver of the lien, especially as the notes were never given. Bowdring refused to give them upon the ground that the boat was liable for the engine.

The second question depends upon whether the engine fulfilled the contract; and this in turn depends upon whether an implied warranty of complete performance is to be read into the contract. E 270 is a fishing boat engaged in flounder dragging. This engine was sold by the libelant with the knowledge that it was to be used in this boat for that purpose. The drags are handled through a hoisting gear. It did not come with the engine, and was not, as I understand the facts, either made or sold by the libelant. Part of it is a heavy casting bolted to the flywheel. From this casting the hoisting gear is driven through a clutch. The engine drove the boat satisfactorily, but it would not handle the drags.

The contract of sale was in writing, between the libelant on one side and Bowdring and Devereaux on the other. It was for "one four-cylinder bulldog type V. M. 25–30 H. P. heavy oil engine, including propelling outfit." Delivery was to be f. o. b. Lansing, Mich., by Bates & Edmonds Motor Company, the manufacturer. It did not mention the boat; but both parties understood that the engine was being bought for this particular boat and the work which her use required. The contract contained a carefully worded warranty covering defective parts, but no other warranty of any description.

[3] Whether upon such facts there was an

implied warranty that the engine was suitable for all the purposes for which, to the knowledge of the seller, it was bought, I have found a difficult question. On one side it may be said that Bowdring knew nothing about oil engines, that he made his need known to the libelants and accepted their judgment that the engine which they sold him would do his work, and that on such facts a warranty of fitness for that work should be implied both under the Massachusetts Sales Act (Gen. Laws, c. 106, § 17) and at common law. See Linen Thread Co. v. Shaw, 9 F.(2d) 17. On the other side, that the conditions under which the machines are installed are subject to wide variations; that there are many degrees of skill in operation, or lack of it; that, if the parties intend that operative results in a particular installation shall be guaranteed, they can easily say so; and that to imply such guaranty imposes an extensive obligation on the seller, and opens the door to claims against him which, as the evidence will be largely within the control of the other party, he will be under great difficulty in meeting. These latter considerations have led courts to be cautious about implying guaranties of satisfactory performance. See Boston Consolidated Gas Co. v. Folsom, 237 Mass. 565, 130 N. E. 197; Stoehrer & Pratt Co. v. Greenburg, 250 Mass. 550, 146 N. E. 34; Seitz v. Brewers, etc., Mach. Co., 141 U. S. 510, 519, 12 S. Ct. 46, 35 L. Ed. 837.

The language of The St. S. Angelo Toso (C. C. A.) 271 F. 245, is broad enough to include the present case. But, as Professor Williston points out in his able discussion of the subject (Williston on Sales [2d Ed.] § 235 et seq.), there is a distinction between implying a warranty of performance of machinery under ordinary conditions, and performance under special conditions, even though known to the seller. In The St. S. Angelo Toso, supra, it does not appear that there was anything unusual about her boilers. Apparently the coal, because of dirt and slate, was not suitable for use on steamers. It was held that, as it was delivered into the bunkers of a steamer, there was an implied warranty that it was fit for boiler use on steam vessels.

In the present case, many elements of which the seller could have no very accurate knowledge entered into the satisfactory operation of the engine, when used for flounder dragging with this particular boat and gear. Much would depend on the size and weight of the gear, and something, perhaps, on the way in which it was handled. The engine was altered by bolting on a heavy casting. The contract was for the sale of a described engine, nothing more. It would be going too far, I think, to bring in by implication a warranty that the engine would perform satisfactorily under these special circumstances, even though the boat and her intended use were known to the seller when the contract of sale was made; especially when, as here, the written contract contained certain carefully drawn warranties, not including one of performance.

This conclusion is, I think, supported by the weight of authority. In the Linen Thread Company Case, supra, the plaintiff was the manufacturer of the seine and furnished the purse line (which proved defective) as a necessary part of it. It was a case where the article sold would not work in ordinary use. There may be some doubt whether this question of breach of implied warranty is raised by the pleadings, but as it was fully heard, and is really the important issue in the case, it seemed proper to decide it.

The result is that there must be a decree for the libelant for the balance of the bill, and reference to an assessor to state it if the parties do not agree.

So ordered.