**THE F. Y. ROBERTSON.**

**THE HARVEY WARD.**

**SMITH, MURPHY CO., Inc., v. DWYER.**
No. A–13680.

District Court, E. D. New York.
March 3, 1934.

Bigham, Englar, Jones & Houston, of New York City (Andrew J. McElhinney, of New York City, of counsel), for libelant.

Otto & Easterday, of New York City (Henry E. Otto and Frank H. Gerrodette, both of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

Exceptions have been filed to respondent's answer.

This action was instituted against respondent, James F. Dwyer, to recover for damage to a cargo of grain which was being transported from Buffalo to New York in the barge Harvey Ward in tow of the tug F. Y. Robertson. The libel was instituted, not only in personam against James F. Dwyer on the ground that he had made the contract of carriage with the libelant, but also against the barge Harvey Ward in rem and the tug F. Y. Robertson in rem.

The respondent, James F. Dwyer, filed an answer in his own behalf in the in personam action. His answer admitted that he owned the barge Harvey Ward; however, he did not answer as claimant of that barge.

Exceptions have been filed to the answer upon the ground that it was not full and explicit, but, on the contrary, it was insufficient and evasive.

United States Admiralty Rule 26 provides: "All answers shall be full and explicit and distinct to each separate article and separate allegation in the libel, in the same order as numbered in the libel."

Article "Fourth" of the libel alleges that the barge "Harvey Ward" is within the district and jurisdiction of the court. This article is not answered by the respondent. Article "Fifth" alleges that a contract of carriage was made by James F. Dwyer on his own behalf and on behalf of the barge Har-

vey Ward and the tug F. Y. Robertson to carry the cargo of wheat from Buffalo to New York pursuant to the terms of a certain booking contract and subject to the provisions of the New York Produce Exchange Canal Grain Charter Party No. 1. Respondent admits that the wheat was placed on board the Harvey Ward and was towed by the tug F. Y. Robertson, the shipment having been made pursuant to the terms of the booking agreement and subject to the provisions of the New York Produce Exchange Canal Grain Charter Party No. 1, but denies the remaining allegations contained in article "Fifth" of the libel. Article "Sixth" contains a statement of the facts and circumstances setting forth negligence. Respondent's answer admits that some damage to the cargo of grain was sustained, but denies that the damage and destruction of libelant's grain was caused, allowed, or permitted by the respondent or the barge Harvey Ward, or by those in charge of the barge.

These answers do not comply with Admiralty Rule 26 (28 USCA § 723), which requires that all answers shall be full and explicit. Respondent fails to answer article "Fourth." The failure to answer article "Fourth" does not amount to an admission. Canadian Co-op. Wheat Producers, Limited, et al. v. Mathews S. S. Co. Limited (D. C.) 52 F.(2d) 495; Galveston Dry Dock & Construction Co. v. Standard Dredging Co. (C. C. A.) 40 F.(2d) 442; The Dictator (D. C.) 30 F. 699.

Articles "Ninth," "Tenth," "Eleventh," "Twelfth," and "Thirteenth" of respondent's answer refer to one of the provisions contained in the contract of carriage dealing with an arbitration clause, which reads as follows: "Disputes. All disputes arising under this contract to be arbitrated before the Committee on Grain of the New York Produce Exchange, whose decision shall be final and binding."

If the respondent is a party to the contract, he has a right to avail himself of the provisions of this arbitration clause and ask that the court refer the controversy between the parties to arbitration. This arbitration clause is not a defense, but relates to procedure merely. If he is a party to the agreement, respondent may move, under the provisions of the Federal Arbitration Act (9 USCA § 1 et seq.), to have the matter referred to the proper arbitration board.

Exceptions are sustained. Respondent will be allowed to answer.

Settle order on notice.