### GARCIA et al. v. WARNER, QUINLAN CO.

District Court, S. D. New York.
Dec. 13, 1934.

Haight, Smith, Griffin & Deming, of New York City, for libelants.

Herman C. Rubino, of New York City, for respondent.

PATTERSON, District Judge.

The respondent has excepted to the libel on the ground that the cause of ac-

tion set forth in it is not within the jurisdiction of a court of admiralty.

The libel is for breach of contract to sell to the libelants, who operated steamships, all their fuel oil requirements for one year. Under the contract the respondent undertook to sell and deliver the oil to the libelants' steamships in New York Harbor. It is charged that the respondent refused to supply oil ordered for one of the steamships, and that the libelants were obliged to purchase oil elsewhere at a higher price. The suit is for the damages resulting.

Admiralty has jurisdiction in suits over maritime contracts. The true criterion of maritime contracts in this country is the nature and subject-matter of the contract in question, whether it has reference to maritime service or maritime transactions, and, as an aid in determining the matter, the court may consider the system of law from which the contract arises and by which it is governed. New England M. Ins. Co. v. Dunham, 11 Wall. 1, 20 L. Ed. 90. Contracts of marine insurance, building of vessels, repairs to vessels, carriage of goods or passengers, seamen's wages, charters, pilotage, stevedoring, towage—all of these are familiar maritime contracts, and a suit which directly involves any of them is properly brought in admiralty. So, too, supplies furnished to a vessel in aid of a voyage are of a matter maritime, and for supplies so furnished both parties have remedies cognizable in admiralty. The J. E. Rumbell, 148 U. S. 1, 13 S. Ct. 498, 37 L. Ed. 345; The Electron, 48 F. 689 (D. C. N. Y.).

But it has been held that a contract whereby a dealer in coal agrees to furnish to the owner of several steamships all the coal required by the steamships for a period of time is not a maritime contract as to any part that remains executory, and that consequently admiralty has no jurisdiction of a suit against the seller for failure to supply coal to one of the buyer's ships. Steamship Overdale Co. v. Turner, 206 F. 339 (D. C. Pa.). The case has been referred to with approval in later cases. Terminal Shipping Co. v. Hamberg, 222 F. 1020, 1021 (D. C. Md.); The Walter Adams, 253 F. 20, 24 (C. C. A. 1), affirmed 254 U. S. 1, 41 S. Ct. 1, 65 L. Ed. 97. The Overdale Case is directly in point. The exception is therefore sustained and the libel dismissed.