## THE YANKEE.

## COMET S. S. CORPORATION v. BREWER DRY DOCK CO.

Nos. 16161, 16174.

District Court, E. D. New York.

March 11, 1941.

---

Foley & Martin of New York City (Christopher E. Heckman, of New York City, of counsel), for libellant Brewer Dry Dock Co.

Emil K. Ellis, of New York City (Jonas Ellis, of New York City, of counsel), for claimant and cross-libellant.

GALSTON, District Judge.

The Brewer Dry Dock Company filed its libel against the Yankee on January 16, 1941, alleging that at the request of the owners of the vessel it performed certain work and furnished wharfage and storage to the vessel in the reasonable value of $2,900.

The Comet Steamship Company, as claimant, answered the libel, denying knowledge or information sufficient to form a belief as to the allegations contained therein, and for a separate, distinct and complete defense as a set-off alleged that some time in May, 1940, the claimant and the libellant entered into a contract whereby the libellant agreed to make any and all repairs upon the vessel Yankee which would be required to enable that vessel to pass inspection by the United States Government in due time for the operation of said vessel for the 1940 season; that thereafter the libellant, without cause, repudiated the agreement in failing to make any repairs upon the vessel; and alleged that by reason of the breach the claimant had been damaged in the sum of $35,000.

On February 5, 1941 the Comet Steamship Company filed its cross-libel alleging the breach of the aforesaid contract and seeking a judgment in the sum of $35,000.

Such being the pleadings, the Brewer Dry Dock Company excepted to the answer on the ground that the allegations do not constitute a defense, and that it does not fully answer the allegations of the libel. The libellant also filed exceptions to the cross-libel on the ground that it does not state a cause of action within the admiralty and maritime jurisdiction of the court. The remaining motion is that of the claimant and cross-libellant, which seeks an order consolidating the libel and cross-libel.

■ It is contended that the answer to the libel is improper because it does not plead fully with respect to the allegations therein. Admiralty Rule 26, 28 U.S.C.A. following section 723, provides in part that all answers shall be full and explicit and distinct to each separate article and separate allegation in the libel. To deny knowledge or information sufficient to form a belief as the claimant does in paragraphs numbered 1 and 2 of the answer is not compliance with the foregoing rule, for the claimant certainly must know something about the location of its own vessel during the period in question. The exceptions to paragraphs 1 and 2 must therefore be sustained, following The Commander-in-chief, 1 Wall. 43, 68 U.S. 43, 17 L.Ed. 609; Smith, Murphy Co., Inc., v. Dwyer, D.C., 7 F. Supp. 38; In re Davidson S. S. Co., D.C., 133 F. 411.

■ As to the separate, distinct and complete defense, since no affirmative relief is sought, the defense is in form properly interposed, but it is insufficient in substance. In Davidson v. Green, D.C., 127 F. 999, it was said that it is well settled in admiralty that an independent set-off or counterclaim cannot be considered to reduce or diminish a claim for maritime services unless the damages on which the set-off or recoupment is directed arise out of the same transactions. See, also, The Jane Palmer, D.C., 270 F. 609. In the case at bar, the paucity of allegation results in a failure to show that the set-off arose from the transactions recited in the libel. It is true that the same vessel is referred to but beyond that the defense in set-off cannot be read as connected with the allegations of the libel. Claimant's brief refers to matters not pleaded and cannot now be considered. It may very well be that the defects of the answer can be readily cured by amendment. Accordingly the exceptions to the answer will be sustained and the claimant may have ten days after the entry of the order to file an amended answer.

■ Now as to the exceptions to the cross-libel. Clearly the cross-libel sets forth a cause of action at law, and seeks to recover damages for failure to commence performance of an agreement for the making of repairs. It does not appear from a reading of the libel how the admiralty may have jurisdiction of such cause of action. It is clearly a complaint for an entire or complete breach of an executory contract for services. In United Transportation & Lighterage Co. v. New York & Baltimore Transportation Line, 2 Cir., 185 F. 386, 389, to the libel the claimant filed a cross-libel. The libel sought recovery for lighterage service. The cross-libel sought by way of counterclaim the return of excessive charges for lighterage service rendered prior to the rendition of the services stated in the libel. In this respect the facts are somewhat different from the case at bar since they were not part of the same transactions; but the court nevertheless considered the libellant's second objection, that the relief prayed for in the cross-libel is outside of the jurisdiction of the court of admiralty. Judge Noyes wrote: "But the conclusion that an action of assumpsit might be maintained lends no support to the claim that the demand can be the subject of a suit in admiralty. Courts of admiralty have no more jurisdiction over actions at law (unless the subject-matter be maritime) than they have over suits in equity. Similarly, we think that a court of admiralty has no more power to take cognizance of a distinctly equitable or legal demand when it is set up in a cross-libel than when it is the subject of an independent suit."

It would seem that the remedy here lies at common law for damages for nonperformance of an agreement. As alleged, the cross-libellant agreed to make certain payments for repairs to its steam paddle vessel Yankee; and the respondent, so it is alleged, agreed to make those repairs. It is then alleged that the respondent repudiated the agreement "entirely in failing to make the repairs."

Stated generally, it is true that admiralty has jurisdiction in suits over maritime contracts. So here the contract relates to the repairs to be made to a vessel. But there is no allegation that the Yankee was ever delivered to the respondent; on the contrary, the allegation is one of entire repudiation by the respondent. Thus the contract must be regarded as an executory contract to render a maritime service. In the absence of even part performance, the admiralty jurisdiction cannot be invoked even in personam. See, Garcia & Diaz v. Warner, Quinlan Co., D.C., 9 F.Supp. 1010. Conversely, certainly the vessel could not be bound if no act of repair had been performed thereon. See Vandewater v. Mills, Claimant of The Yankee Blade, 19 How. 82, 15 L.Ed. 554; The Seven Sons, D.C., 69 F. 271; The Francesco, D.C., 116 F. 83; Osaka Shosen Kaisha v. Pacific Ex-

port Lumber Co., 260 U.S. 490, 43 S.Ct. 172, 67 L.Ed. 364.

Moreover, the cross-libel is bad for failure on its face to show that the matters set forth are auxiliary to the cause of action alleged in the original libel. The Dove, 91 U.S. 381, 23 L.Ed. 354; Bowker v. United States, 186 U.S. 135, 22 S.Ct. 802, 46 L.Ed. 1090.

Accordingly the exceptions to the cross-libel are sustained and the motion to consolidate made by the Comet Steamship Company must fail.

The cross-libel will be dismissed, but the order will provide that the cross-libellant may have ten days from the entry of the order within which to file an amended cross-libel. Settle orders on notice.