MIANOS YACHT YARD CORPORATION
v. THE BLUE CLOUD et al.

United States District Court,
S. D. New York.

Sept. 24, 1953.

Arnold W. Knauth, New York City, for the motion.

Frederick Fish, New York City, opposed.

HOLTZOFF, District Judge (sitting by designation).

This is a motion to dismiss a cross-libel in admiralty.

The libellant filed a libel against the yacht "Blue Cloud" and S. A. Long, its owner, for repairs made and supplies furnished to the yacht. The vessel was attached but subsequently released when the respondent Long gave security for the payment of damages claimed. The respondent Long then filed a cross-libel for breach of contract said to have resulted in an overpayment of approximately $400. The libellant now moves to dismiss the cross-libel on two grounds: first, that the cause of action pleaded in the cross-libel is not based on the same contract as that pleaded in the libel; and, second, that the relief sought is outside of the admiralty jurisdiction and that only equity has cognizance of the claim.

■ If this motion is granted, the only practical effect would be to remit the cross-libellant to a separate action on the civil side of the court. The outcome would be two trials of over-lapping claims, no doubt involving to a large extent the same evidence. Both would be tried without a jury, except that one would be on the admiralty calendar, and the other on the civil non-jury calendar. Obviously, such a result would sacrifice substance to form and make a fetish out of technical rules of practice. It would be contrary to the modern trend in the direction of simplification of procedure and abandonment of technicalities. It would burden the court unnecessarily with two trials and cause useless additional expense to the parties. The absurdity of such a situation is vividly accentuated by the fact that the same judges have both admiralty and equity jurisdiction. The purpose of separate calendars is merely to serve administrative convenience. This motion brings to mind the precept that "The letter killeth, but the spirit giveth life".

■ Even from a technical standpoint, the application is not well founded. The claims set forth in the libel and in the cross-libel arise out of the same transaction, namely, the making of repairs and the furnishing of supplies to the yacht. The mere fact that the terms of the alleged contract are set forth differently in the two pleadings, does not necessitate the conclusion that the two claims arise out of separate transactions. They are merely different versions of the same contract.

■ As to the second ground of the motion, the court is of the opinion that admiralty has jurisdiction of a cross-libel asserting a claim for damages for breach of a maritime contract, or for an overpayment thereunder. So eminent an admiralty jurist as Judge Brown held, many years ago, in The Electron, D.C., 48 F. 689, that actions for damages and for misrepresentations and breaches of contracts for supplies, are not beyond the proper jurisdiction of the admiralty, and that upon such a contract, and all its incidents, the rights and remedies of the parties are reciprocal.

■ The real purpose of the motion seems to be to avoid compliance with Admiralty Rule 50, 28 U.S.C.A., which requires the libellant to file security to respond in damages sought in the cross-libel under the penalty of a stay of proceedings. This provision applies, however, only if the cross-libellant has previously given securi-

ty under compulsion to obtain the release of the vessel. The libellant having exacted such security should not in justice complain if he, in turn, is required to do likewise in respect to the damages claimed in the cross-libel.

Motion denied.