**COMPANIA ARGENTINA DE NAVEGACION DODERO, Libelant,**

v.

**ATLAS MARITIME CORPORATION, Respondent.**

United States District Court
S. D. New York.
Sept. 13, 1956.

Gray & Wythe, New York City, for libelant, Horace M. Gray, Charles H. Bridge, Jr., New York City, of counsel.

Samuel B. Ohlbaum, New York City, for respondent.

DAWSON, District Judge.

Respondent has excepted to the libel in this action on the ground that it is a complaint for an alleged breach of an executory contract to deliver equipment, and that such a cause of action is not an admiralty and maritime cause of action and not within the jurisdiction of this Court.

The libel alleges that the parties entered into a contract under which the respondent agreed to supply and deliver to libelant and the S. S. Parana, upon her next arrival at a United States port, two sets of auxiliary equipment including boiler uptakes to be installed in the fire room of said steamship for use with two boilers to be newly installed. It further alleges that the S. S. Parana arrived at New York on December 22, 1955 and that on December 29, 1955, respondent notified libelant that respondent would not perform the contract, but offered to make partial performance thereof. Libelant declined to accept the partial performance and cancelled the contract because of respondent's refusal of performance. Libelant seeks damages representing the cost of securing the material in excess of the contract price and for delay and loss of use of the vessel. In addition, recovery is sought of a down payment which was made at the time the contract was entered into.

The sole issue raised on this motion is whether this action is within the jurisdiction of this Court under the provisions of § 1333 of Title 28 of the United States Code, giving District Courts original jurisdiction "of any civil case of admiralty or maritime jurisdiction".

Respondent urges that the libel is not within the admiralty jurisdiction of this Court on the ground that the action is one alleging a breach of an executory contract, and that such actions are not within the admiralty jurisdiction of this Court. If such was ever the law, it is certainly not the law since the decision of the United States Supreme Court in Archawski v. Hanioti, 1956, 350 U.S. 532, 76 S.Ct. 617.

The respondent also urges that the agreement sued on is not such as to be considered a maritime contract. Ordinarily, a contract relating to a ship in its use as such or to commerce on navigable waters is subject to the maritime law and the case is one of admiralty or maritime jurisdiction whether the contract is one to be performed on land or water. 1 Benedict, Admiralty 130 (6th ed. 1940); see James Richardson & Sons v. Conners Marine Co., 2 Cir., 1944, 141 F. 2d 226.

So, contracts providing for the repair of a particular ship or for supplies for a particular ship have been held to be within the maritime jurisdiction of the Federal Courts. The Electron, D.C.S.D. N.Y.1891, 48 F. 689; Reed v. Weule, 9 Cir., 1910, 176 F. 660; The Hiram R. Dixon, D.C.E.D.N.Y.1887, 33 F. 297; Linen Thread Co. v. Shaw, 1 Cir., 1925, 9 F.2d 17.

The cases relied upon by respondent relate to agreements to supply the owner of several steamships all the fuel required by the steamships for a period of time. In those cases, no particular vessel and no particular voyage was in the con-

"templation of either of the parties. See Steamship Overdale Co. v. Turner, D.C. E.D.Pa.1913, 206 F. 339, 341; Garcia v. Warner Quinlan Co., D.C.S.D.N.Y.1934, 9 F.Supp. 1010.

The libel in the instant action alleges a contract to provide certain auxiliary equipment for marine boilers for a particular ocean-going ship to be delivered at a particular time. As such, it alleges an action which is within the admiralty jurisdiction of this Court.

The exception to the libel is overruled. So ordered.