BOSTON CONSOLIDATED GAS COMPANY *vs.* FRANCIS
B. W. FOLSOM.

FRANCIS B. W. FOLSOM *vs.* BOSTON CONSOLIDATED
GAS COMPANY.

Suffolk.    January 13, 1921. — March 3, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Contract,* In writing, Performance and breach. *Deceit. Sales Act. Evidence,*
Extrinsic affecting writings.

At the trial of an action upon a contract in writing and under seal, which was com-
plete and unambiguous and provided that the plaintiff for a specified price
would "furnish, deliver and install at" the defendant's home "a four section
Kane gas fired steam boiler together with" necessary accessories and cover-
ing, and which contained no express warranty of any character, evidence of
conversations and letters between the parties before the making of the con-
tract containing representations to the effect that the plaintiff "was pretty
confident of the cost of heating the house [of the defendant] by gas" and that
the defendant's house could be heated by the gas fired steam boiler for about
the same expense as the cost of procuring heat from a central heating plant
then in operation in the neighborhood as the defendant then was doing, was
offered by the defendant in connection with other evidence tending to show
that the expense of heating the defendant's house by use of the gas fired steam
boiler was much in excess of that incident to the use of the central heating
plant. *Held,* that
(1) No express warranty appearing in the contract, none could be imported
into it by implication through the introduction of parol evidence;
(2) The evidence tended to show representations by the defendant which
at most were merely expressions of opinion, judgment or estimates;
(3) The representations shown by the evidence were not such as to form the
basis of a defence to the action upon the contract or the basis of an action of
tort for deceit by the purchaser against the seller;
(4) The representations could not be relied on by the defendant under the
provisions of G. L. c. 106, § 17, as an implied warranty.

CONTRACT, with a declaration in four counts, the first and sec-
ond counts being based upon an agreement in writing, described
below, for the sale by the plaintiff to the defendant of "a four
section Kane gas fired steam boiler" and accessories, and the
third and fourth counts being upon an account annexed for gas
furnished. Writ dated April 3, 1918; also an action of

TORT, by the defendant in the first action against the plaintiff

therein, for deceit in the sale of the boiler. Writ dated May 8, 1918.

The contract which is the basis of the first action was under seal and, excepting the recitals as to the names and description of the parties and the *in testimonium* clause and the signatures, was as follows:

"Witnesseth: — Party of the first part [the gas company] agrees that in consideration of the payment by the party of the second part [Folsom] of the sum of Six Hundred and Fifty-Five Dollars ($655.00), the party of the first part will furnish, deliver and install at 23 Garrison Road, Brookline, a four section Kane gas fired steam boiler together with the gas piping and valves, the water steam and flue piping and valves necessary to connect same with the present heating system. The said boiler and steam piping to be covered with asbestos, cement or equivalent covering.

"The party of the second part agrees that upon the installation of said boiler and connections as above provided, he will pay the party of the first part the sum of six hundred and fifty-five dollars ($655.00)."

The actions were tried together before *Wait*, J. It appeared that, previous to negotiations with the gas company, Folsom with fifty or seventy-five others in the neighborhood had been furnished heat in his house by the Beaconsfield Hotel Company through a central heating plant. Folsom testified that the gas company's representative "stated that he was pretty confident of the cost of heating the house by gas, and that the principal representation [by the gas company] was the comparison between the cost of the heating by the Hotel Beaconsfield and what their machine would cost and that he was pretty confident that it could be done for about the same as the Beaconsfield; that he was pretty confident." Other material evidence and rulings of the judge are described in the opinion.

The jury found for the plaintiff in the first action for $298.68 upon the first and second counts and for $73.53 upon the third and fourth counts. In the second action by order of the judge a verdict was entered for the defendant. Folsom alleged exceptions.

The cases were submitted on briefs.

*A. Berenson*, for Folsom.

*R. L. Mapplebeck*, for the Boston Consolidated Gas Company.

CROSBY, J. The first action is in contract. Under the first and second counts the plaintiff seeks to recover a balance of $275 for the installation of a gas fired boiler, and the third and fourth counts allege that the defendant owes the plaintiff for gas furnished to him. The second action is in tort, in which, in substance, the plaintiff alleges that he was induced to enter into a contract for the installation of the boiler by reason of the representation made to him by the defendant's agent that the cost of heating his house therewith would be reasonable; that he relied on this representation, and that it was false. The cases were tried together and at the close of the evidence the judge ordered a verdict for the defendant in the second action.

In the first action the defendant offered evidence of conversations had between himself and the plaintiff's agent and certain letters written by the parties respecting representations made by the plaintiff before the written agreement was signed. This evidence was rightly excluded. The written agreement shows on its face that it is complete and unambiguous. It cannot be varied or controlled by parol evidence. It merged all previous negotiations and stipulations whether oral or written, and cannot be altered by an earlier or contemporaneous warranty respecting the cost of operation of the boiler, as the defendant contends. *Frost* v. *Blanchard,* 97 Mass. 155. *Neale* v. *American Electric Vehicle Co.* 186 Mass. 303, 308.

No express warranty appears in the contract, and none can be imported into it by implication, by the introduction of parol evidence; accordingly the exceptions to the judge's charge cannot be sustained. *Lamb* v. *Crafts,* 12 Met. 353, 355. *Will M. Kinnard Co.* v. *Cutter Tower Co.* 159 Mass. 391, 393. *Neale* v. *American Electric Vehicle Co. supra. Glackin* v. *Bennett,* 226 Mass. 316. If a warranty such as the defendant claims were intended it should have been inserted in the contract. The evidence shows that the defendant obtained exactly what he contracted for, namely, a gas fired steam boiler, installed and equipped as the contract provided. There was no stipulation in the agreement that it could be operated economically, or would furnish any definite amount of heat, or that it could be operated for a fixed sum. Nor was there an implied warranty that it was fitted and suitable for the purpose for which it was installed. There was no evidence to show

that the defendant was induced to enter into the agreement by any false representations of the plaintiff or its servants or agents; the representations relied on by the defendant at most were only expressions of opinion, judgment or estimate, upon which he cannot rely as a ground for rescission of the contract. *Hedden* v. *Griffin*, 136 Mass. 229, 231. *Kimball* v. *Bangs*, 144 Mass. 321, 324. *Dawe* v. *Morris*, 149 Mass. 188. *Harvey* v. *Squire*, 217 Mass. 411, 415. If it be assumed in favor of the defendant but without so deciding that under any circumstances the sales act, St. 1908, c. 237, could be held to apply to the contract in question, it nevertheless was for the sale of "a four section Kane gas fired steam boiler" and hence was a sale of a specified article under its patent or other trade name. As to such a sale under § 15, cl. 4 of the act, there is no implied warranty as to its fitness for any particular purpose. See *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, at page 95. The cases where under § 15 of the act a warranty may be implied as to the quality or fitness for a particular purpose of goods sold, do not apply to a contract like that in question. Those cited by the defendant in this connection are not relevant to the facts in the case at bar. See *Farrell* v. *Manhattan Market Co.* 198 Mass. 271; *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65. The exceptions to the exclusion of the conversations between the plaintiff's agent and the defendant, which occurred before the contract was signed, for reasons previously stated must be overruled.

The agreement between the parties for installation of the boiler was in writing, and in it the company agreed to furnish, deliver and install the boiler on the premises of the plaintiff in the second action and to do other work in connection therewith. The plaintiff in the second action testified that before the contract was signed the defendant's agent told him in substance that the boiler would not cost much, if any, more to maintain than he (the plaintiff) had been previously paying for heating his house; that the agent stated "that he was pretty confident that it could be done for about the same" cost as the plaintiff had previously paid; and that other similar statements were made by the agent. There was evidence that the cost of maintaining the boiler was much in excess of the amount previously paid for the purpose by the plaintiff. It is plain that the statements so made, if untrue, were

not representations of material facts, but were merely matters of opinion, judgment or estimate, and will not sustain an action of tort. *Parker* v. *Moulton,* 114 Mass. 99. *Hedden* v. *Griffin, supra. Kimball* v. *Bangs, supra. Brown* v. *C. A. Pierce & Co. Inc.* 229 Mass. 44, 46. *Lynch* v. *Palmer, ante,* 150.

The exception to the exclusion of evidence as to the price paid by the defendant Folsom for a new boiler after the one in question had been removed is overruled; the evidence was immaterial upon any issue involved. The letters, exhibits 11, 16, 17, 18, 19 and 21, being correspondence between the parties, were all written after the contract was made and the boiler was installed, and cannot affect the rights of the parties; they were properly excluded. The defendant Folsom presented fourteen requests for rulings and instructions; the first, that the company is not entitled to recover, ought not to have been given; the second, that the plaintiff in the second action is entitled to recover, was rightly denied for reasons before stated, and as the court properly directed a verdict for the defendant in that action, all other requests relating to it have become immaterial. The remaining requests need not be considered in detail; so far as not covered by the instructions, they were rightly refused. We perceive no error of law in the conduct of the trial.

*Exceptions overruled.*