STOEHRER & PRATT DODGEM CORPORATION *vs.* BERTHA GREENBURG.

Essex.   November 12, 1924. — January 10, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract,* Performance and breach.   *Sale,* Warranty.   *Damages,* In recoupment.   *Pleading, Civil,* Answer.

Where, at the trial of an action of contract for the purchase price, as stated in a contract in writing, of a specific patented article under its trade name, the defendant admits the execution of the contract in writing, which was complete and unambiguous and contained no express warranty of any kind, but offers evidence, tending to show representations as to material and workmanship in the construction of the article sold, which were made by the plaintiff and were false, it is proper to exclude the evidence and to order a verdict for the plaintiff, there being no express warranty and the circumstances not warranting a finding of an implied warranty.

In the absence of an answer in recoupment in the above described action, and of a cross action in tort for deceit, the defendant had no standing to claim damages resulting from alleged false representations by the plaintiff as to material and workmanship which induced the purchase.

CONTRACT, with a declaration in three counts, the first count being upon an account annexed for payments and interest, described as due according to the provisions of a contract in writing, copy of which was annexed to the declaration, the second count upon the contract in writing, and the third count upon a promissory note described in the opinion. Writ dated October 25, 1921.

Among the allegations in the answer, the defendant admitted the execution of the contract in writing and averred that the plaintiff "guaranteed said Dodgem ride for the period of one year and that said dodgem ride did not perform the work intended and was defective, all of which the plaintiff had full knowledge and refused to keep the same in repair as agreed, and by reason thereof said amusement device became worthless and the defendant sustained damage largely in excess of the plaintiff under said contract."

The defendant in her answer also averred that she was induced to sign the contract by reason of representations by the plaintiff that the cars being sold were of first class material and would not require repairing for several years, whereas the facts were not as those represented.

The action was tried before *Walsh*, J. Material evidence and evidence offered by the defendant are described in the opinion. By order of the judge, there was a verdict for the plaintiff in the sum of $7,100. The defendant alleged exceptions.

*W. Hirsh*, for the defendant.

*J. A. Donovan*, (*J. M. Hargedon* with him,) for the plaintiff.

BRALEY, J. The defendant on March 28, 1921, purchased of the plaintiff an amusement device known as the "Dodgem," consisting of fifteen cars, and on May 16, 1921, she bought three additional cars and gave in payment her promissory note. The case was tried on the second count of the declaration, which is for the balance with interest of the contract price due on the first purchase, and on the third count to recover the amount of the note with interest according to its tenor. The defendant, relying on the averments of her answer, made an offer of proof, that prior to the purchase of any of the cars the plaintiff wrote the defendant that

" We are putting in the very best of material and that costs money, very much more than we anticipated, but the result is worth it, the new cars will last for many years without repairs of any kind"; and that the plaintiff's duly authorized agent, prior to the purchase of said cars, told the defendant at different times that " said cars were constructed of first-class material, and that they would stand up and perform the service required of them and would not require any repairs for several years "; that " said cars soon after delivery showed faulty construction and were continually out of repair and that a number of said cars became useless and they were wholly unfit for the service intended for, causing the defendant great financial loss, and that the defendant has offered to return said cars and rescind the contract of sale "; that " the defendant wholly relied on the representations of the plaintiff's agent as to the workmanship and stability of said cars and had no means of personal knowledge to the contrary, and that an inspection would not disclose their faulty construction or latent defects."

The offer of proof was properly excluded, and the verdict for the plaintiff was ordered rightly.   The sale of all the cars was under contracts in writing in which no express warranty of any kind appears.   The exceptions state, that the plaintiff held letters patent issued by the United States on the device, and that the cars were sold under the name of " 'Dodgem Cars', which name had been copyrighted in the United States Patent Office."   The sale having been of a specific patented article under its trade name, there was no implied warranty of fitness for any particular purpose.   G. L. c. 106, § 17, cl. 4.   It was so assumed in *Boston Consolidated Gas Co.* v. *Folsom,* 237 Mass. 565, 568, and there is no sufficient reason why the statute should not be followed in the case at bar.   *Quemahoning Coal Co.* v. *Sanitary Earthenware Specialty Co.* 88 N. J. Law, 174.   The contracts which are complete and unambiguous have not been rescinded, and *Bates* v. *Cashman,* 230 Mass. 167, which was a bill in equity to rescind a contract, and *Churchill* v. *Palmer,* 115 Mass. 310, 333, where there was an express warranty of the goods sold, cited and relied on by the defendant, are inapplicable

on the present record.    See *Boston Consolidated Gas Co.* v. *Folsom,* 237 Mass. 565, 567.

The defendant also contends, that she is entitled to damages for loss sustained by reason of false representations of the defendant's agent as stated in the offer of proof.    But, without deciding whether an action thereon for deceit could be maintained at common law, this cross demand has not been pleaded in recoupment and it cannot be considered. *Graham* v. *Middleby,* 213 Mass. 437, 444.    *Borden* v. *Fine,* 212 Mass. 425, 428.    *Merchants Heat & Light Co.* v. *J. B. Clow & Sons,* 204 U. S. 286.    See *Virginia-Carolina Chemical Co.* v. *Kirven,* 215 U. S. 252.

*Exceptions overruled.*