WHITTY MANUFACTURING COMPANY, INC. *vs.* ROBERT C. CLARK.

Suffolk.   January 4, 5, 1932. — March 3, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Sale,* Warranty.   *Evidence,* Extrinsic affecting writing.

In an action for breach of a contract in writing, it appeared that the plaintiff had agreed therein to furnish and instal a "#10 Whitty Automatic Coal Burner with front panel, ashpit doors, and automatic regulation . . . in connection with the following: Walker-Pratt 40/9 Boiler"; and that the contract, under the title "GUARANTEES," provided that "the Contractor guarantees the equipment as follows: (a) SMOKELESSNESS. When operated in accordance with the Contractor's directions and with the coal specified, the Whitty Automatic Coal Burner shall conform to the local smoke ordinance"; and further provided that "The Contractor guarantees that the Whitty Automatic Coal Burner will efficiently burn 100 pounds of coal per hour." *Held,* that

(1) The contract was free from ambiguity and could not be varied or controlled by parol evidence at the trial to the effect that an authorized representative of the plaintiff had told the defendant orally before the contract was signed that the plaintiff could and would provide a burner fit for the defendant's particular purpose, made known to the plaintiff before the execution of the written contract, in substance that the burner would operate all night without attention;

(2) A request for a ruling that, if the defendant contracted to buy the burner, not because of its trade name, if any, or in reliance upon its trade name, if any, but because he was told by the plaintiff's representative that it would run automatically all night without attention, the sale was not a sale under a trade name within G. L. c. 106, § 17 (4), properly was refused;

(3) As a matter of law the sale was by a trade name under G. L. c. 106, § 17 (4), and it was proper to refuse a request for a ruling, "The sale of an article which is referred to in the contract by a trade name is not necessarily a sale under its trade name";

(4) As the sale of the burner to the defendant was a sale under G. L. c. 106, § 17 (4), there was no implied warranty as to its fitness for any particular purpose.

At the trial of the action above described, the judge admitted evidence relating to the merchantability of the burner, to its automatic operation, and whether it would efficiently burn one hundred pounds of coal per hour, and charged the jury that, if the defendant "did not buy by the trade name there might be an implied warranty, that is,

if the stoker was not bought by its trade name, because of its trade name, that that was not the identical thing that he intended to buy, that that was the way it was identified to him, but he bought merely like he would have any automatic machine, without respect to the name as a trade name, then it is for you to say whether or not under those conditions there is an implied warranty on the part of the manufacturer that the thing is fitted for the use for which it was intended, that is, whether it is merchantable." The jury found for the plaintiff. *Held,* that

(1) It necessarily was to be inferred from the verdict that the jury found all the terms and conditions of the written contract had been fulfilled by the plaintiff;

(2) The instructions to the jury were not prejudicial to the defendant, although evidence offered by him to show that the defendant did not rely upon the trade name in purchasing had been excluded.

CONTRACT, with a declaration in two counts, the first count being based upon a contract in writing and the second upon an account annexed. Writ dated March 3, 1930.

In the Superior Court, the action was tried before *Gibbs,* J. The plaintiff, required by the judge to elect as between the counts of the declaration, elected to proceed under the first count. The contract therein relied on was in writing and contained eleven numbered paragraphs. Material evidence and rulings by the trial judge are described in the opinion. There was a verdict for the plaintiff in the sum of $734.88 and for the plaintiff, defendant in set-off. The defendant alleged exceptions.

*H. Stockton, Jr.,* for the defendant.

*H. W. Ogden,* (*E. F. Henry* with him,) for the plaintiff.

CROSBY, J. This is an action of contract to recover a balance of $700, with interest, due under the terms of a written contract for the sale by the plaintiff to the defendant of a "#10 Whitty Automatic Coal Burner." The defendant filed a declaration in set-off seeking to recover from the plaintiff the amount paid by him on account of the purchase price of the boiler on the ground that he had rescinded the contract. The jury found for the plaintiff both for the amount claimed to be due and on the defendant's claim of set-off.

At the trial the article sold was referred to by witnesses as a "burner" and was also called a "stoker." These terms were used by the witnesses synonymously. The defendant

testified that he first met one Whitty, who represented the plaintiff, in August, 1929, and talked with him about automatic coal burners; that he never had seen the burner before he signed the contract; that Whitty made statements before the contract was signed as to what the burner would accomplish. The defendant was asked by his counsel what these statements were and the question was excluded, subject to the defendant's exception.

The defendant made three offers of proof as follows: (1) "The defendant offers to prove that he contracted to buy the burner, not because of any trade name or in reliance upon any trade name, but because he was told by the plaintiff's authorized representative that it would run automatically all night without attention"; (2) "The defendant offers to prove that he signed the contract in suit relying on the plaintiff's skill and judgment to provide a burner fit for the defendant's particular purpose which he made known to the plaintiff's authorized representative before the execution of the written contract, namely, that the burner must operate all night without attention; that the plaintiff's authorized representative orally stated to the defendant shortly before the execution of the written contract that the plaintiff could and would provide a burner suitable for such purpose and that the defendant signed the contract in suit in reliance upon this statement; that the plaintiff failed to provide such a burner after being given reasonable opportunity so to do"; (3) "The defendant offers to prove that the burner was not contracted for or delivered in fulfilment of the defendant's offer to purchase goods by a name known to the trade." These offers of proof were excluded, subject to the defendant's exception. The judge then stated that he would exclude "any evidence of conversation prior to the making of the contract," and "ruled that any testimony before or after the contract and in conversations or otherwise which the defendant cared to offer with reference to" merchantability of the burner, its automatic operation, and whether it would efficiently burn one hundred pounds of coal per hour was admissible. The defendant testified that before he executed the contract he read it and knew its terms. It is

recited in the exceptions that there was conflicting evidence from which the jury properly could have found that the burner fulfilled all the terms of the written contract, and that there was evidence of the performance of the conditions referred to in paragraph 10 of the contract which obligated the defendant to keep clean and in good condition the boilers or furnaces, and the coal burning equipment.

At the trial the defendant contended that he was not required to pay the balance due under the contract, and was entitled to recover back what he had paid on the ground that the burner was not in accordance with the contract, in that it was not automatic and would not efficiently burn one hundred pounds of coal per hour. These contentions were submitted to the jury under appropriate instructions. The judge stated that the foregoing were the defendant's contentions, and no exception was taken to that statement.

Under the contract the plaintiff agreed to furnish the defendant with a "#10 Whitty Automatic Coal Burner." The undisputed evidence showed that patents for this burner had been applied for about a year before the trial, and four or five burners had been installed and were in operation previously to the burner being installed for the defendant. The finding having been for the plaintiff, it is to be assumed that the jury found that the burner sold and delivered to the defendant fulfilled in all respects the terms of the written contract. It is agreed by the parties that all the instructions of the judge in the charge were properly and adequately directed to the evidence, the only ground of exception being certain specific objections which appear in the record.

The written contract recites that the plaintiff is to furnish and instal a "#10 Whitty Automatic Coal Burner with front panel, ashpit doors, and automatic regulation . . . in connection with the following: Walker-Pratt 40/9 Boiler"; under the title "GUARANTEES," that "the Contractor guarantees the equipment as follows: (a) SMOKE-LESSNESS. When operated in accordance with the Contractor's directions and with the coal specified, the Whitty Automatic Coal Burner shall conform to the local smoke

ordinance," and that "The Contractor guarantees that the Whitty Automatic Coal Burner will efficiently burn 100 pounds of coal per hour."

The contract on its face is free from ambiguity. It embodies the entire agreement of the parties, and cannot be varied or controlled by parol evidence. The proffered evidence, that the defendant signed the contract relying on the plaintiff's skill and judgment to provide a burner fit for the defendant's particular purpose which was made known to the plaintiff before the execution of the written contract, in substance, that the burner would operate all night without attention; that the plaintiff's representative stated orally that the plaintiff could and would provide a burner for such purpose; and that the defendant relied upon these statements, was rightly excluded. Where, as here, the contract contains express warranties, proof of additional parol warranties cannot properly be allowed. *Glackin* v. *Bennett*, 226 Mass. 316, and cases cited. *Boston Consolidated Gas Co.* v. *Folsom*, 237 Mass. 565. "This is most obviously a necessary conclusion where the parol warranty concerns the same quality or attribute of the goods as the written warranty; but it is also commonly held that the parol warranty is inadmissible if any express warranty is in writing; and even where there is no express warranty contained in the writing to which the terms of a sale are reduced, extrinsic evidence of a warranty generally is excluded." Williston, Sales (2d ed.) § 215. There is nothing in the written contract which provides that the burner would run automatically all night or for any definite period of time without attention, nor was there any evidence to show that when operated in accordance with the plaintiff's directions and with the coal specified it did not conform to the local smoke ordinance, or that it would not efficiently burn one hundred pounds of coal per hour. If the defendant relied upon the statements which he contends were made to him orally by the representative of the plaintiff, they should have been inserted in the contract.

The first and second offers of proof relate to an alleged oral agreement by the plaintiff to furnish a burner which would

run automatically all night without attention as distinguished from one with manual operation. They related to representations made before the written agreement was entered into, and were rightly excluded for reasons hereinbefore stated.

The thirty-fifth request was that "If the defendant contracted to buy the burner, not because of its trade name, if any, or in reliance upon its trade name, if any, but because he was told by Whitty that it would run automatically all night without attention, the sale is not a sale under a trade name within G. L. c. 106, § 17 (4)." This request is based on the assumption that the oral evidence of what was said before the contract was signed was admissible. As that evidence was incompetent, this request could not properly have been given. *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174. *Boston Consolidated Gas Co.* v. *Folsom,* 237 Mass. 565. *Bowditch* v. *E. T. Slattery Co.* 263 Mass. 496, 498. It was not necessary to prove that the burner was generally known by its trade name. See *Seitz* v. *Brewers' Refrigerating Machine Co.* 141 U. S. 510.

The third offer of proof was, in substance, that the burner was not purchased nor delivered in fulfilment of the defendant's offer to purchase goods by a name known to the trade. The exclusion of this offer was not erroneous. The judge instructed the jury: ". . . if he did not buy by the trade name there might be an implied warranty, that is, if the stoker was not bought by its trade name, because of its trade name, that that was not the identical thing that he intended to buy, that that was the way it was identified to him, but he bought merely like he would have any automatic machine, without respect to the name as a trade name, then it is for you to say whether or not under those conditions there is an implied warranty on the part of the manufacturer that the thing is fitted for the use for which it was intended, that is, whether it is merchantable." The contract was for the sale of a "Whitty Automatic Coal Burner." The name itself from its designating title necessarily implies as matter of law that it was a trade name. In many cases the name appearing in the contract has been held to be a trade

name under said clause 4 although there was no other evidence that it was a trade name, or that it was generally known to the trade. See *Boston Consolidated Gas Co.* v. *Folsom,* 237 Mass. 565; *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243; *Parker* v. *S. G. Shaghalian & Co. Inc.* 244 Mass. 19; *Stoehrer & Pratt Dodgem Corp.* v. *Greenburg,* 250 Mass. 550; *Acorn Silk Co.* v. *Herscovitz,* 250 Mass. 553; *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147; *Snelling* v. *Dine,* 270 Mass. 501; Williston, Sales (2d ed.) § 236a. Moreover, the witness Whitty testified that the burner had a trade name and that he made and marketed it under such name.

The defendant's thirty-fourth request was as follows: "The sale of an article which is referred to in the contract by a trade name is not necessarily a sale under its trade name." The defendant relies on the statement in the opinion in *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, at page 383, that "It does not follow necessarily from the fact that the article purchased had a trade name that it was bought thereunder or that the buyer did not rely on the skill or judgment of the seller." That statement has no application to the facts in the case at bar. In that case the word "thereunder" in the quoted sentence meant that although the article purchased had a trade name it did not necessarily follow that it was so purchased under that name, as there was evidence from which it could be found that the buyer relied wholly upon the skill and judgment of the seller. In this connection see *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, at page 247. In the case at bar the thirty-fourth request could not properly have been given as there is no evidence to show that the burner was sold otherwise than under its trade name.

As the sale of the burner to the defendant was a sale under G. L. c. 106, § 17 (4), there was no implied warranty as to its fitness for any particular purpose. Nowhere does § 17 (4) of the sales act refer to definite articles described and known to the trade; it refers to an article sold "under its patent or other trade name." There is nothing inconsistent in clause 4 with clause 1 of this section which provides that when a buyer makes known to the seller the

particular purpose for which the goods are required, and the buyer relies on the skill and judgment of the seller, there is an implied warranty of fitness. There is no evidence which would warrant a finding that the sale was made under clause 1. At common law no warranty of fitness for a particular purpose was implied in the case of a sale of a known, described article. Section 17 (4) of the sales act follows the common law rule. *Jones* v. *Just*, L. R. 3 Q. B. 197, 202. 2 Mechem, Sales, § 1349. *Dunn Road Machinery Co.* v. *Charlevoix Abstract & Engineering Co.* 247 Mich. 398. *Manchester Liners, Ltd.* v. *Rea, Ltd.* [1922] 2 A. C. 74. Even if it be assumed that the defendant did not purchase the burner by its trade name, failure of the judge to give the thirty-fourth request did not harm the defendant as it was left to the jury to decide whether there was an implied warranty.

The judge's supplementary instructions with reference to an implied warranty if the burner was not bought under its trade name were not prejudicial to the defendant. The judge ruled that evidence relating to the merchantability of the burner, to its automatic operation, and whether it would efficiently burn one hundred pounds of coal per hour was admissible. It is necessarily to be inferred from the verdict that the jury found all the terms and conditions of the written contract had been fulfilled by the plaintiff.

The thirty-second and thirty-third requests were in substance covered by the instructions given.

As there was a sale by the trade name the parties are presumed to have intended such a sale. See *Gossler* v. *Eagle Sugar Refinery*, 103 Mass. 331; *Boston Consolidated Gas Co.* v. *Folsom*, 237 Mass. 565; *Seitz* v. *Brewers' Refrigerating Machine Co.* 141 U. S. 510, 519. There was no warranty in the contract except that the burner would be automatic, and would burn one hundred pounds of coal an hour; and no implied warranty could rightly be found that it would run all night or for any definite time without attention. *Stoehrer & Pratt Dodgem Corp.* v. *Greenburg*, 250 Mass. 550. *Acorn Silk Co.* v. *Herscovitz*, 250 Mass. 553. Williston, Sales (2d ed.) §§ 236, 236a.

As the verdict for the plaintiff must stand, it is obvious that the defendant is not entitled to recover under his declaration in set-off. The cases of *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, and *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, are distinguishable from the case at bar upon the point for which they are cited.

We find no error in the rulings or instructions of the judge harmful to the defendant; the entry must be

*Exceptions overruled.*