Arnold Scott *vs.* C. Roland Reasoner.

Suffolk.   April 4, 1932. — May 19, 1932.

Present: Rugg, C.J., Crosby, Wait, Sanderson, & Donahue, JJ.

*Sale,* Identity of thing sold, Warranty.

At the trial of an action of contract for breach by the defendant of a contract of conditional sale of an oil burner by the plaintiff to the defendant and upon a promissory note given by the defendant to the plaintiff as part consideration for the sale, it appeared that the burner was sold by a trade name·after a demonstration in the plaintiff's store, and that a provision of the contract was that the seller guaranteed that the burner would "furnish sufficient heat to operate the heater at its proper manufacturer's rating"; and there was evidence that the type of burner used for demonstration by the plaintiff was not the type that was installed in the defendant's house and that the burner installed did not satisfy the requirements of the guaranty.   The judge ordered a verdict for the defendant.   *Held,* that

(1) The questions, whether or not the burner described in the contract was of the same or of a different type from that which was demonstrated to the defendant, and whether there was a breach of the express warranty, were for the jury;

(2) The verdict for the defendant should not have been ordered.

Contract.   Writ dated December 14, 1928.

The pleadings are described in the opinion.

In the Superior Court, the action was tried before *Hall,* C.J.   Material evidence is stated in the opinion.   The Chief Justice denied motions by the plaintiff that verdicts be ordered for him on both counts of the declaration and ordered verdicts for the defendant.   The plaintiff alleged exceptions.

*J. C. Johnston,* (*V. C. Stoneman* with him,) for the plaintiff.

*W. B. Grant,* for the defendant.

Crosby, J.   This is an action of contract in two counts; the first to recover for the alleged breach of a written conditional contract of sale by the plaintiff and purchase by the defendant of a "Sword Oil Burner" to be installed in the defendant's house, and the second upon a promissory

note given in part payment for the burner. The defendant's answer to the first count contained a general denial, payment, and breach of warranty that the burner would furnish sufficient heat to operate the heater at its proper manufacturer's rating; the answer to the second count alleged failure of consideration, and an agreement that the note should not constitute payment or be of any value unless and until the burner should be installed so as to operate and furnish sufficient heat for the defendant's house.

The contract was dated September 22, 1925. It provided for the installation of a "Sword Automatic Oil Burner" for the sum of $575 payable as follows: December 14, 1925, $200, and "The unpaid balance to be paid in 12 monthly payments $31.25 plus interest at 6% as per accompanying note." The contract contained among other provisions the following: "The purchaser agrees to carefully follow the rules and instructions for the operation of this apparatus, as prescribed by the seller . . . . The seller guarantees that the burner will furnish sufficient heat to operate the heater at its proper manufacturer's rating. The seller will replace at its expense within one year from the date of the original installation any and all parts of the apparatus which are proved to be defective, either in material or workmanship, provided the equipment has been operated in accordance with the instruction sheet supplied therewith. This guarantee shall be void if the equipment or any part thereof is removed from the point of original installation without the written approval of the seller. It shall also be void if all payments are not made by the purchaser in accordance with this contract. Any other or different guarantee than the above shall not be binding upon the seller." The contract also recites that "It is expressly intended, understood and agreed that title and ownership of said property is and shall remain vested in the seller, notwithstanding delivery or possession, until the entire price is paid by cash in full. The seller will render free service for one year from date of installation." Thereafter a burner was installed but neither the initial payment nor any payment on the note was ever made.

During the course of the trial the plaintiff excepted to the admission of certain testimony of the defendant, and that of witnesses called by him. All this testimony dealt with the condition of the burner, the insufficiency of heat, the way in which it failed to work, the necessity for frequent service, conversations with the plaintiff's representative McColley, who was in charge of the plaintiff's sales force, and the burning of fire wood in the furnace and fire place to obtain heat. It appeared that the defendant at a later time, after notice to the plaintiff, dismantled the equipment, and at the request of the defendant the plaintiff removed it, and it was later sold by the plaintiff at a loss. The undisputed evidence showed that the burner was sold under its trade name which was a "Sword Automatic Oil Burner." There was evidence tending to show that the burner was a patented heating device; that it was purchased from the manufacturer, and sold in Boston and in that vicinity. The defendant testified that his attention was attracted to the Sword oil burner in the plaintiff's show window, and that he went in and inquired about it; that it was demonstrated to him at that time, and later he returned with his wife and it was again demonstrated to both of them; that so far as he could see it worked all right; that he signed the contract, and thereafter a burner was installed in his house by the plaintiff. He contends that the type of burner which was demonstrated to him when he ordered it was not the type installed in his house, but was of another type.

One Parks, a witness called by the defendant, testified that he was in the plaintiff's employ when the burner was purchased by the defendant; that he was familiar with the type of burner used for demonstration by the plaintiff; that it was not the type that was installed in the defendant's house. He described at length the differences in the type used for demonstration and that sold to the defendant. The question, whether or not the burner described in the contract was of the same or of a different type from that which was demonstrated to the defendant, presented a question of fact for the jury. If it was found that the con-

tract described the type of burner which the defendant purchased, it was then a question of fact whether or not there was a breach of the express warranty embodied in the contract. Accordingly the defendant's motion for a directed verdict in his favor could not properly have been granted. If the plaintiff failed to deliver to the defendant the burner he purchased, or there was a breach of the express warranty, he would not be liable on the contract. If, on the other hand, the plaintiff installed in the defendant's house a burner of the type which was shown him, the defendant is liable on the contract if such burner furnished sufficient heat to operate the heater "at its proper manufacturer's rating," in accordance with the guaranty, even if it did not furnish sufficient heat properly to heat the defendant's house. See *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, and cases cited.

As the exception to the direction of a verdict in favor of the defendant must be sustained, the plaintiff's exceptions to the admission of evidence need not be considered as they may not arise in the same form at another trial.

*Exceptions sustained.*