NEW ENGLAND FOUNDATION COMPANY, INCORPORATED, *vs.*
ELLIOTT & WATROUS, INC.

Suffolk.   February 5, 6, 1940. — June 3, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Deceit. Pleading, Civil,* Declaration. *Practice, Civil,* Exceptions: sufficiency of bill; Amendment. *Evidence,* Extrinsic affecting writing.

Although a bill of exceptions did not disclose that certain exceptions were saved in an action heard in the Superior Court by a judge without a jury, this court considered the exceptions where it appeared from the docket entries and a certified copy of a document on file with the clerk of the court that the exceptions were seasonably claimed under Rule 72 of the Superior Court (1932), that they constituted the subject matter of the bill and that the adverse party made no contention as to the defect in the bill.

A fourth count, added to a declaration containing three counts for breaches of warranty in a sale of machinery after the action was changed from one of contract to one of contract or tort, plainly set out an action of tort for deceit on allegations that the defendant made warranties and representations of certain facts which to his knowledge were untrue and that the plaintiff relied thereon and was damaged "because of the defendant's deceit and false and fraudulent misrepresentations and warranties."

In an action pending before this court on exceptions by the defendant, the court allowed a motion to amend a count of a declaration based on deceit in procuring a purchase of machinery by the plaintiff by adding to an allegation of a single misrepresentation, which the trial

judge had not found the plaintiff relied on, allegations of two other misrepresentations as to which there had been a full hearing and specific findings by the judge in favor of the plaintiff; and the defendant's exceptions were overruled.

The facts, that a memorandum of sale of machinery stated that it was sold "as is," and that a subsequent bill of sale contained no warranty, did not preclude the purchaser from maintaining an action of deceit against the seller based on misrepresentations, inducing the purchase, as to the fitness and condition of the machinery.

Misrepresentations of fact made to induce and inducing a sale were ground for an action of deceit if such facts were susceptible of actual knowledge of the seller, without proof of his knowledge that the representations were false.

CONTRACT OR TORT. Writ in the Superior Court dated November 12, 1935.

There was a finding by *Greenhalge*, J., for the plaintiff in the sum of $3,481.

*S. Markell,* (*L. W. Black* with him,) for the defendant.

*W. P. Everts,* for the plaintiff.

Cox, J. This was originally an action of contract for breach of warranty. By amendment the action became one of contract or tort and a fourth count was added to the declaration. The case was tried by a judge of the Superior. Court sitting without jury, who found for the defendant on the counts based upon the alleged breach of warranty and for the plaintiff on the fourth count.

Apart from an exception to the admission of evidence, which has not been argued, the bill of exceptions does not disclose that the defendant saved any exceptions.[1] A reference to the docket entries of the Superior Court and to the certified copy of a document there duly filed, however (see *Sherman* v. *Sidman*, 300 Mass. 102), discloses that the defendant seasonably claimed exceptions to rulings of the trial judge (Rule 72 of the Superior Court [1932]), and these exceptions constitute the subject matter of the bill of exceptions.

1. The judge denied two requested rulings of the defendant to the effect that all counts of the plaintiff's declaration sound in contract and not in tort, and that

---

[1] The plaintiff made no contention that there was a failure by the defendant to save exceptions. — REPORTER.

the plaintiff cannot recover in tort for fraud or deceit. The fourth count of the declaration is as follows: "And the plaintiff says that on the 14th day of February, 1935, the defendant agreed in consideration of $4,500 to sell the plaintiff certain machinery and equipment and a vulcan hammer f. o. b. Providence, Rhode Island, and that the defendant falsely warranted and falsely represented to the plaintiff that the machinery and equipment would be in perfect working order on February 18, 1935, and that the machinery and equipment as sold would operate as a dredge and would be capable of dredging 90 cubic yards of solids per hour, and the plaintiff says that the said representations and warranties were untrue, all of which the defendant well knew, and the plaintiff says that it relied on said representations and warranties as made by the defendant with the intention that the plaintiff should rely thereon, and paid the defendant $2,000 on account of said purchase price, but that the defendant did not regard . . . [its] promise aforesaid but craftily deceived the plaintiff in that it delivered machinery and equipment which was not in perfect working order on February 18, 1935, and which would not operate as a dredge capable of handling 90 cubic yards of solids per hour. Wherefore the plaintiff says because of the defendant's deceit and false and fraudulent misrepresentations and warranties upon which it relied it has been damaged to the extent as alleged in the writ. Count 1 and 4 are for the same cause of action."

We are of opinion that this count sufficiently states a cause of action for deceit. It alleges that the defendant made representations of certain facts that were untrue, as the defendant knew, and that the plaintiff relied upon these representations to its damage. It is true that the count alleges that the defendant "falsely warranted and falsely represented" these facts. But where, as here, the action was originally in contract and, by amendment, was changed to one of contract or tort, and where the claim for damages is based upon the "defendant's deceit and false and fraudulent misrepresentations and warranties," it being alleged that counts 1 and 4 are for the same cause of action (see

G. L. [Ter. Ed.] c. 231, § 7, Sixth), we think that the defendant had plain notice that it was called upon to answer to an action of tort for deceit.   Furthermore, it appears that more than two years after the answer to the original declaration was filed the defendant was permitted to amend its answer by a further allegation that, if it made any express or implied warranties to the plaintiff that were breached, these breaches were waived by the plaintiff, whereupon within a week the plaintiff was allowed to amend its declaration.   See *Cooper* v. *Landon*, 102 Mass. 58.   We are of opinion that the requested rulings in question were properly denied.

2. Three of the defendant's requests for rulings that were denied in substance raise the question of the sufficiency of the evidence to warrant a finding for the plaintiff upon the fourth count, hereinbefore quoted.   The trial judge found that there were false representations made by the defendant to the plaintiff in respect of (1) the capacity of the dredge that was the subject matter of the sale to pump ninety yards of solids per hour;  (2) the fitness of the dredge and its equipment for the dredging called for by the plaintiff's contract;  (3) the kind and condition of equipment; and he also found that the plaintiff relied upon the last two representations.

The allegations of the fourth count, however, are not so comprehensive as these findings.   There is a specific allegation of a representation as to the dredging capacity of the machine that was the subject matter of the sale, and the judge found that this representation was made, but he states that he is in doubt as to the extent to which the plaintiff relied upon it.   The plaintiff has presented to this court a motion to amend its declaration by substituting a new count 4 that contains allegations of representations concerning the fitness of the dredge for the service required of it by the plaintiff and its condition, both of which were the subject matter of findings by the judge.   An examination of the record discloses that the issues of fact as to which the judge made specific findings were fully and fairly tried, and it is difficult to see that the defendant will be harmed in any

way by the allowance of the amendment. In the circumstances, the general finding of the judge ought not to be reversed upon a technical point of pleading. Under G. L. (Ter. Ed.) c. 231, § 125, this court has all the powers of amendment of the court below. A motion of this character will not be granted save in instances where justice seems to require it. *Twombly* v. *Selectmen of Billerica*, 262 Mass. 214, 216. *Cammisa* v. *Ferreira*, 277 Mass. 141, 142. But where it is apparent from the record as a whole that the case was fully and fairly tried upon the real issues of fact involved, untainted by any error of law, it is proper to allow an amendment that will prevent a retrial of the very issues that have already been passed upon. *Whitney* v. *Houghton*, 127 Mass. 527, 529. *Mitchell* v. *Lonergan*, 285 Mass. 266, 271. See *Pizer* v. *Hunt*, 250 Mass. 498, 504–505; *S. C.* 253 Mass. 321, 333. In view of our ultimate conclusion that there was no error of law, we think the motion should be allowed.

3. The question remains, however, whether the evidence warranted the finding for the plaintiff on count 4 as amended. The parties, on February 14, 1935, signed a memorandum of agreement as to the purchase and sale of the dredge, one of the terms of which was that it "is mutually agreed that the equipment is to be sold as is." The subsequent bill of sale of the dredge does not contain this provision. The misrepresentations that were found by the judge to have been relied upon by the plaintiff were made prior to the execution of the memorandum of agreement and the bill of sale.

It is a fundamental principle of substantive law, as distinguished from adjective law, that parol evidence, even if admitted, must be disregarded in construing an unambiguous written instrument. *Kavanaugh* v. *Johnson*, 290 Mass. 587, 593. Whatever may be the effect of this rule in actions of contract for breach of an oral express warranty not contained in the contract (see *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, 374, 375), it ordinarily has no application where the evidence is offered for the purpose of showing fraud or misrepresentation, inasmuch as in that case the agreement is being avoided rather than explained or varied.

*Stackpole* v. *Arnold,* 11 Mass. 27, 32.   *Bowditch* v. *E. T. Slattery Co.* 263 Mass. 496, 498.   *Harris* v. *Delco Products, Inc.* 305 Mass. 362, 364.   Where, as in the case at bar, the bill of sale is conclusive that no warranty was given, it does not conclusively establish that no false representations were made to induce the purchase of the machinery that was the subject matter of the sale.   In such a case parol evidence of such representations is admissible solely on the question of deceit; if fraud is established it is not merged in the contract; and, if the evidence as to the representations is sufficient to establish a case of deceit, the plaintiff is entitled to recover.   *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256, 266.   *Nowlan* v. *Cain,* 3 Allen, 261, 263.   *Burns* v. *Dockray,* 156 Mass. 135, 139–140.   *Reinherz* v. *American Piano Co.* 254 Mass. 411, 421–422.   *Cheraska* v. *Ohanasian,* 259 Mass. 341, 346.   *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 390–391.   Wigmore on Evidence, § 2439. Am. Law Inst. Restatement: Contracts, §§ 237, 238.   See 56 Am. L. R. 13.   The cause of action is that the plaintiff was induced to execute the contract in question by the fraudulent misrepresentations of the defendant's agent. *Cheraska* v. *Ohanasian,* 259 Mass. 341, 346.   There is no language in the written instruments in the case at bar whereby the parties have attempted to exclude from consideration all extrinsic evidence of fraudulent misrepresentations, except as hereinafter referred to, inducing the execution of the contract. (See *Colonial Development Corp.* v. *Bragdon,* 219 Mass. 170, 174.)   Prior to execution of the bill of sale, the parties entered into a memorandum of agreement, one of the terms of which was that the equipment was to be sold "as is."   Even if we assume that the terms of this memorandum were not merged in the bill of sale so that the defendant would be entitled to the benefit of the provisions of the former, nevertheless the presence of the words "as is" would not prevent the introduction of the evidence of oral misrepresentations.   *Reinherz* v. *American Piano Co.* 254 Mass. 411, 421–422.   *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 390–391.   The evidence of the misrepresentations was proper for the consideration of the trial judge and his

findings upon it cannot be disturbed. It follows that the exceptions to the effect that the finding for the plaintiff was not warranted must be overruled.

4. The defendant also excepted to the granting of the plaintiff's request that it "is not necessary to allege or prove knowledge on the part of . . . [the defendant] as to the falsity of its representations. If they are false, that is sufficient to render it liable." It is true that the last sentence of the request, if taken by itself, does not correctly state the law, but we think that a reasonable consideration of the request as a whole is that the judge instructed himself that if the defendant's agent made materially false representations, it was not necessary for the plaintiff to show that the defendant had knowledge of their falsity in so far as that particular element in an action of deceit was concerned. The defendant does not argue otherwise, but contends that the judge did not correctly instruct himself as to "this vital element in an action for deceit" in that a person is not liable in an action for deceit merely because a representation made by him may turn out to be untrue. The misrepresentations in the case at bar were all as to facts susceptible of actual knowledge, and no further proof of an actual intent to deceive was required. The case at bar resembles *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403, rather than *Harris* v. *Delco Products, Inc.* 305 Mass. 362.

5. The defendant concedes that the judge ruled correctly as to the measure of damages to be applied. The bill of exceptions states that it contains "all and only such facts and evidence material to the points raised." It does not appear that any question as to the amount of damages was raised, or that the defendant contended that any finding for the plaintiff, except for nominal damages, was unwarranted. The contention is not now open to the defendant. *Hashem* v. *Massachusetts Security Corp.* 255 Mass. 29, 32. Compare *Parker* v. *Levin,* 285 Mass. 125, 128–129.

It follows that the motion of the plaintiff to amend its declaration is allowed and that the defendant's exceptions are overruled.                          *So ordered.*