Riley, J.
In this action of contract the plaintiff seeks to recover damages for an alleged breach of warranty in the sale of certain oil burners. At the trial he expressly waived any claim for damages by reason of an implied warranty and elected to rely solely on an express warranty that said oil burners would burn No. 6 oil, which is a heavy oil commonly known as bunker oil, and cheaper than lighter oils ordinarily used in oil burners. The defendant denied the Avarrantv and further set up the defense that the plaintiff accepted the goods and failed to give the defendant notice of the alleged breach of warranty within a reasonable time after he knew or ought to have knoAvn of such breach. In his brief the defendant has waived the sufficiency of such notice.
In a voluminous Report there is evidence that there was considerable talk betAveen the plaintiff, the oAvner of a forty-apartment block in the City of Holyoke, and the duly authorized agent of the defendant relative to the changing over of the plaintiff’s heating system from coal to an oil *149 burning equipment; that before the plaintiff bought the burners the defendant’s agent showed him wherein he could burn No. 6 oil in the burners which were later purchased, by adapting other equipment to the burners and the boilers and pre-heating the oil; that the plaintiff told the defendant’s agent that he could not install any other equipment to burn fuel that would cost him as much as coal but that if it could be shown that it would be less costly than coal he would buy it, and that following these negotiations the defendant’s agent gave to the plaintiff, on January 28th or 29th, 1941, the following document:
“January 28, 1941
Mr. Ben "Wilson
Holyoke
Mass.
Dear Mr. Wilson:
With reference to your apartment house on Chestnut Street, I am .pleased to quote you as follows, covering the installation of 2 Model SB-4 Sanmyer Hev-E-Oil Burners.
Material Group 1 Tank, Pipe and Fittings
1 4000 gal Fuel Oil Storage Tank . $150.00
Manhole well .................. 25.00 (Estimate)
1 Petrometer Oil Gauge ......... 25.00 ”
All necessary valves, pipe, and fittings ..................... 175.00 ”
Material Group 2
Combustion Chamber and Refractory
The F. L. Roberts & Co., Inc., will furnish all material and labor necessary to construct a suitable combustion chamber, including pitting, 2 steel boiler. front plates, and 2 secondary damper doors for the sum of ........................................$275.00
*150 Material Group 3 Oil Burner and Pre-Heater
2 Sanmyer Model SL Hev-E-Oil
Burners, including freight .... $460.00 2 Krais sel 60-3S Fuel Oil Pump
iSete ....................... 182.00
2 Electric Motors for same...... 52.00
2 Baraeoil #6F36 Fuel Oil pre-
heaters ..................... 200.00
3 Thermometers ................ 18.00
2 Wells' Automatic Electric Oil
Heaters ....................$ 42.00
2 Heavy Suction Line Strainers... 25.00
Electric work, material and labor 150.00 (Estimate) Pipe, Heater covering, Pipe
hangers .................... 100.00 ”
Rubbish removal .............. 16.00 ”
Material Group 4
1 Tank permit ................. 23.00
Miscellaneous1 accessories1, labor
etc. .'....................... 200.00 (Estimate)
3 cu. yds. Concrete for yard..... 25.00'
Material Group 5 Labor
Excavating for and setting tank .. 8O.001 (Estimate)
Piping, Outside and Inside....... 80.00' ”
Preparing boilers ............... 16.00 ”
Replacing concrete in yard., labor
only ......................... 16.00 ”
Respectfully submitted,
F. L. ROBERTS & COMPANY, INC.”
There was evidence that after this document was delivered to the plaintiff he had considerable mere talk with the defendant’s agent, calling the latter’s attention to the *151 fact that the oil burners named in the defendant’s proposal were stated by the manufacturers to be capable of burning No. 5 oil and nothing else; that the defendant’s agent told him that he had had correspondence with the factory, and that the factory had given him permission to have the burners installed for No. 6 oil; that the defendant’s agent further assured him that the installation would burn No. 6 oil satisfactorily; and that finally the plaintiff agreed to go through with the transaction on that basis.
It is true .that the plaintiff testified that he accepted the defendant’s proposition set out in the proposal of January 28, 1941, but the evidence shows that several items in the proposal, notably the fuel tank, electric work and plumbing-work, were not furnished by the defendant but were billed to and paid for by the plaintiff. It appears from the evidence that these burners were installed some time during, February, March and April of the year 1941 and that they did not satisfactorily burn No. 6 oil. It also appears that the plaintiff made substantial payments to the defendant, covering the purchase price of the oil burners and accessories, before he went into1 the military service on May 26th of that year. On the other hand, there was evidence that there was no express warranty, made by the defendant through his agent, that the burners would properly burn No. 6 fuel oil and that the burners were put in as an experiment.
The trial judge found for the plaintiff in the sum of $900.00 and refused the following Requests, by which refusal the defendant now claims to be aggrieved:
“1. That as a matter of law, the buyer Wilson did not purchase the oil burners relying upon any affirmation fact or promise of the seller relating to the burners. 2. That as a matter of law, anything that was said by any representative of the plaintiff in any way *152 regarding^ the adaptability of the burners using No. 6 oil, were merely statements of the seller’s opinion only and cannot be construed as a warranty. 12. That even if there is no express warranty contained in the writing to which the terms of the sale of these burners were reduced, extrinsic evidence of a warranty generally, from paroi testimony cannot be introduced. Whitty Manuf. Co. Inc. vs. Clark, 278 Mass. 370, 374. 14. That as matter of law, upon all the evidence in the case regarding the warranty issue, there was no express warranty. 15. That all that was said to Mr. Wilson by the representatives of F. L. Roberts & Co., Inc. as to the value, nature, and adaptability of the oil burners, was, as a matter of law, mere seller’s talk and not a warranty. Morley vs. Consolidated Manufacturing Co., 196 Mass. 257. 19. That as a matter of law, if the Court finds that Wilson changed the heating systems for which the original planned installations were designed by tapping the boiler and installing tankless water heaters requiring year-around operation, Wilson cannot recover. 20. If the Court finds that contract between the parties was as stated on Exhibit “A” and accepted by Wilson, ,and after its acceptance, instead of having the F. L. Roberts Company do all the installation, Wilson himself, by his .agents and subcontractors, did all the electrical installation, part of the installation of the pipes and fittings (which pipes and fittings Wilson himself bought from the Holyoke Supply Company), part of the installation of the fuel line, part or all of the work in covering the pipes and heaters, and part or all of the installation of the pipe hangers, Wilson can not prevail in this action. ’ ’
With respect to Requests 12,19 and 20, they were denied by the trial judge on the ground that the facts were not found as stated in these Requests.
One of the main arguments of the defendant is that the proposal of the defendant, made in its letter of January 28, 1941, having been accepted by the plaintiff, according to his own testimony, was- a complete, written contract and *153 that since it contained no warranties, evidence of such oral warranties could not be introduced to bind the defendant. It relies chiefly on the case of Whitty Manufacturing Co. Inc. vs. Clark, 278 Mass. 370. In that case, however, there seems to have been a written contract signed by the defendant, the vendee, and further it appears that the contract contained certain guarantees in reference to the equipment. The court held that the contract embodied the entire agreement and could not be varied by paroi evidence, stating further that where the contract -contained express warranties proof of additional paroi warranties could not properly be allowed, and citing Glackin vs. Bennett, 226 Mass. 316.
We think the instant case is -distinguishable from Whitty Manufacturing Co. Inc. vs. Clark and similar cases. There was no -formal contract signed by the parties- and -the letter of January 28, 1941 was ¡sim-ply an offer which the court could have found, as he apparently did, was accepted on the statement of the defendant’s agent that the burners would satisfactorily burn No. 6 oil. In our -opinion it is governed by the decision in Leavitt vs. Fiberloid, Co., 196 Mass. 440. In that case the court said at page 445, “It is not necessary that the giving of the warranty should be simultaneous with the sale. It is enough if it is made under such circumstances as to warrant the inference that it enters into the contract as finally made. Nor is the fact that the alleged warranty was oral, while the order for and bill of parcels of the fiberloid, which caused the damage, were in writing, enough to exclude the conversation under the rule that a written contract cannot be varied by parole evidence. The letter and bill of parcels- were not a formal contract of such dignity as necessarily to indicate that all previous negotiations were merged in them.”
There was, therefore, no error in- denying the defendant’s 12.th Bequest for Bul-in-g even though the judge denied *154 it on the' ground thait the facts were not found as stated therein.
The judge was not required to give the 1st Request as a Ruling of Law since there was evidence warranting his finding that the plaintiff purchased the oil burners relying upon an assurance that they would burn No. 6 oil.
Neither could he ¡properly have .given the 2nd, 14th and 15th Requests as Rulings of Law. The statements made by the defendant’s agent, related above, were more than mere seller’s talk and could have been found by the judge to be an affirmation of fact or a promise relating to the goods which induced the plaintiff to purchase them relying thereon.
The 19th and 20th Requests, which the court denied on the grounds that the facts were not found as therein stated, the defendant was not entitled to have given as Rulings of Law. It was a question of fact whether the alleged changing in .the heating system had anything to do- with the failure of the burners to burn No. 6 oil and it could not be ruled as matter of law that any variations in the contract for installation, which apparently had been agreed upon by the parties, would vitiate the defendant’s warranty.
We find no reversible error in the manner in which the judge dealt with the defendant’s Requests for Rulings and the Report must be dismissed.