STANLEY DEKOFSKI & others *vs.* MANUEL LEITE & another.

Suffolk.    May 7, 1957. — May 29, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Sale*, Contract of sale, Warranty.  *Evidence*, Extrinsic affecting writing,
    Admitted de bene.  *Words*, "Good working manner," "Good baking
    manner."

A provision of a written contract for sale of a specifically described type
    of baking oven, that it was "guaranteed in good working manner
    also good baking manner" was not ambiguous and meant that the
    operating parts of the oven were in good working order and that it
    would satisfactorily bake the products for the baking of which it
    was designed and made; and evidence that the buyer desired an oven
    which would bake bread of a certain kind and was told by the seller
    that the oven sold would bake that kind of bread, but that it was
    useless for that purpose, could not be considered in determining the
    meaning of such guaranty.  [128–129]
In view of provisions of a written contract for the sale of a baking oven
    by its trade name, that it was "guaranteed in good working manner
    also good baking manner" and that "there are no understandings,
    warranties or agreements, not included in this" contract, evidence of a
    parol warranty of fitness of the oven to bake a particular kind of
    bread could not be considered, nor was any such warranty of fitness
    to be implied.  [129]
Application of the parol evidence rule to prevent consideration of in-
    competent evidence admitted de bene was not precluded by the fact
    that no motion was made to strike out the incompetent evidence.
    [130]

CONTRACT for an unpaid balance of the purchase price of
certain equipment sold by the plaintiffs to the defendants.
Writ in the Superior Court dated January 2, 1953.

The defendants' answer included an allegation in sub-
stance of breach of warranty.  At the trial before *Gold-
berg*, J., the judge instructed the jury that if there was no
breach of warranty or no proper notice of a breach the plain-
tiffs would be entitled to recover a certain amount, but that
if there was a breach of warranty and proper notice thereof
the jury should "credit" the defendants with and deduct
the difference between the value of the equipment as war-

ranted and its actual value. There was a verdict for the plaintiffs for the smaller amount. They alleged exceptions.

*Lawrence E. Cooke*, for the plaintiffs.

*Joseph E. Levine*, for the defendants.

WHITTEMORE, J. The plaintiffs brought an action to recover on a written contract for the sale of a baking oven and two other pieces of bakery equipment. The controversy concerned the oven only. The contract described the oven as "1 — Read 6 tray oil fired indirect fired oven rebuilt with steel 20" x 94" tray plates delivered & installed and guaranteed in good working manner also good baking manner." The general conditions of the contract included the following: "It is agreed that there are no understandings, warranties or agreements, not included in this written order." The defendants, over objection, testified that one of the plaintiffs was familiar with the type of bread they baked, a hard crust, Italian type loaf, which could not be made with steam, that they wanted an automatic oven which would bake similar loaves, and that this plaintiff had told them this oven would bake Italian bread in the same, or superior, color, shape and hardness of crust as that which they baked in their manual oven. The defendants also testified that the oven was of no use to them as it required the use of steam to bake bread.

The evidence objected to was received de bene and no motion was made to strike it, but the plaintiffs in suitable language requested an instruction that it be disregarded. The judge charged in substance that the guaranty was ambiguous and that the testimony if believed could be considered to determine the meaning intended.

We find no ambiguity in the words of the guaranty. There was error in the omission to give the requested instruction, and in the charge given. *Glackin* v. *Bennett*, 226 Mass. 316. *Goldenberg* v. *Taglino*, 218 Mass. 357. *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, 374. Compare *Waldstein* v. *Dooskin*, 220 Mass. 232; *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251.

The words "guaranteed in good working manner" mean

that the oven's operating parts are in good working order, the valves snug and smoothly operating, the flame orifices clean, the joints tight, and so forth. The words "also good baking manner" mean that the oven will bake well. We think this means that this specifically identified oven, sold under the name of "Read," will function to produce satisfactory products when used to bake the products for the baking of which it was designed and made. In the absence of the second phrase, the words "good working manner," particularly because of the imprecise use of the word "manner," might reasonably be deemed to include the meaning that the oven would produce satisfactory results. The additional words, however, reasonably affect the first phrase; in their presence that phrase has the more limited meaning already stated, so that the second phrase has a reasonable significance when the words in it are given that meaning which we think, by themselves, they indicate. There was no evidence that the Read oven was designed to bake Italian type bread or any products that could not be satisfactorily baked in an oven using steam.

It is quite possible that the defendants, in the light of the talk about their need for an oven to bake Italian bread, may have thought that the language used assured them what they wanted. But this is an action of contract and the determination of ambiguity is to be made by looking at the instrument itself; extraneous conversations cannot be used to create an ambiguity not manifest in the written document.

The evidence was not available to show an implied warranty of fitness in view of the express language of the contract excluding warranties not in the agreement. *S. F. Bowser & Co. Inc.* v. *Independent Dye House, Inc.* 276 Mass. 289, 296. The sale of the article by the trade name "Read" also negatived an implied warranty of fitness for a particular purpose. G. L. (Ter. Ed.) c. 106, § 17 (4). *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, 375–376. *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 454.

The failure to move to strike the evidence is immaterial. The parol evidence rule is one of substantive law and its application "is not affected . . . by the fact that incompetent parol testimony is introduced without objection." *Mears* v. *Smith*, 199 Mass. 319, 322. *Kavanaugh* v. *Johnson*, 290 Mass. 587, 593. *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 181.

It appears unnecessary to discuss the plaintiffs' other claims of error, which are in respect of points not likely to arise on another trial.

*Exceptions sustained.*