SALVATORE MADDALONE *vs.* EMPRESA LINEAS MARITIMAS ARGENTINAS; JARKA CORPORATION OF NEW ENGLAND, third-party defendant. July 29, 1976. An Argentine shipping line and Jarka Corporation of New England (Jarka), a corporation offering stevedoring services, concluded an agreement for such services from Jarka. The plaintiff Salvatore Maddalone, a longshoreman, was injured while working for Jarka and sued the Argentine line which impleaded Jarka as third-party defendant on the basis that the injury was caused by Jarka's breach of its warranty of workmanlike service. A jury found for the plaintiff and also for

the shipowner against Jarka, and a Superior Court judge granted Jarka's motion for judgment notwithstanding the verdict. The agreement between Jarka and the shipowner contained a clause, "This contract constitutes the full agreement between the parties hereto and no warranty of any nature shall be implied from any of the wording of this agreement." Another clause of the contract stated: "This contract shall be interpreted according to the law of the State where the services are to be performed." We have hitherto held that parties are free to agree to limit warranties. *Dekofski* v. *Leite,* 336 Mass. 127 (1957). *S.F. Bowser & Co.* v. *Independent Dye House, Inc.,* 276 Mass. 289 (1931). It is clear from two opinions written by Chief Judge Lumbard, *Drago* v. *A/S Inger,* 305 F.2d 139 (2d Cir.), cert. denied sub nom. *Daniels & Kennedy, Inc.* v. *A/S Inger,* 371 U.S. 925 (1962), and *Pettus* v. *Grace Line, Inc.* 305 F.2d 151 (2d Cir. 1962), that precise language in an agreement can negate a stevedore's implied warranty of workmanlike performance. However, it is our opinion that the language in this contract is not sufficient to achieve that purpose. The warranty of workmanlike performance, whose scope and applicability are matters of Federal law, has been described by the United States Supreme Court in *Ryan Stevedoring Co.* v. *Pan-Atlantic S.S. Corp.,* 350 U.S. 124, 133 (1956), as "of the essence of [the] ... stevedoring contract." The elimination of such a crucial part of the stevedore/vessel relationship will not be assumed from general language disclaiming warranties which are "implied from the wording" of the contract; rather, language clear and unequivocal, with explicit reference to this specific warranty, is required. It is our view that the warranty of workmanlike performance was not effectively disclaimed in this case. For cases construing identical contract language to the same effect see *DiPaola* v. *International Terminal Operating Co.,* 311 F. Supp. 685 (S.D.N.Y. 1970); *Brattoli* v. *Kheel,* 302 F. Supp. 745 (E.D.N.Y. 1969); *Caputo* v. *Kheel,* 291 F. Supp. 804 (S.D.N.Y. 1968). It follows that the motion for judgment notwithstanding the verdict should not have been granted and that the jury verdict in favor of the defendant (the third-party plaintiff) should be reinstated. Judgment for the third-party defendant is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Francis H. Fox* (*Richard W. Goldman* with him) for Empresa Lineas Maritimas Argentinas.

*Thomas D. Burns & Karen J. Schulman,* for Jarka Corporation of New England, submitted a brief.