HUGH J. McMACKIN & another *vs.* MARGARET McMACKIN & others.

Middlesex. May 10, 1933. — June 28, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD; & LUMMUS, JJ.

*Probate Court,* Jury issues. *Will,* Validity. *Undue Influence. Evidence,* Presumptions and burden of proof.

A motion, by next of kin contesting a petition for proof of a will of a woman, for a jury issue as to whether the will had been procured by the undue influence of two cousins of the testatrix, to whom had been given most of the residue of the estate subject to the interest of a life beneficiary, properly was denied where it appeared that provision was made in the will for various friends and relatives of the testatrix and for religious and charitable societies, that said two cousins had been given the residue under two previous wills and that, although another cousin had been omitted in the will in question, he had been omitted from the later of the two previous wills and a legacy given to him by the first of such wills had been revoked by a codicil; and where expected evidence was to the effect that one of said two cousins had made statements to the testatrix which were derogatory to the omitted cousin and had written letters to the omitted cousin stating that ideas of the other of said two cousins stood out prominently in the will in question and that the omitted cousin ought to contest it, and that the other of said two cousins had said that his "brains made the last will"; but further expected evidence showed that the testatrix was a normal woman of a dominating type and strong mind, was careful in managing her affairs and was not easily susceptible to improper influence, and there was nothing to show that she was influenced to eliminate the omitted cousin from the will in question by anything which either of said two cousins had said or done: the circumstances, in their aspect most favorable to the contestants, did not present a genuine and doubtful question of fact upon which the contestants rightly might base a reasonable hope of a favorable finding.

PETITION, filed in the Probate Court for the county of Middlesex on April 14, 1932, for proof of the will of Mary E. McCormick, late of Woburn.

Certain next of kin of the decedent filed a motion "that the following issues of fact be certified to a jury:

(a) Was the instrument propounded for probate as the last will of Mary E. McCormick executed according to law?

(b) Was the said Mary E. McCormick of sound mind at the time of the execution of the said instrument?

(c) Was the said alleged will procured to be made through the fraud, or undue influence, of Hugh J. McMackin?

(d) Was the said alleged will procured to be made through the fraud, or undue influence, of Mary Solari?"

The motion was heard by *Campbell,* J., a stenographer having been appointed under statutory provisions. Material portions of the expected evidence are stated in the opinion. The motion was denied. The respondents appealed.

Thereafter the respondents filed a motion that "the following issue of fact be certified to a jury: 'Was the said alleged will procured to be executed in whole or in part by the fraud or undue influence of Hugh J. McMackin or Mary Solari, or either of them, and if in part, what part?'" and a motion that "their motion for jury issues in the above-entitled estate be amended by adding thereto the following: 'Was the said alleged will procured to be executed in whole or in part by the fraud or undue influence of Hugh J. McMackin or Mary Solari, or either of them, and if in part, what part?'" These motions were denied "as a matter of discretion." The respondents appealed.

*F. B. Frederick,* (*W. R. Cook* with him,) for the respondents.

*H. P. Johnson,* for the petitioners.

PIERCE, J. This case comes before this court on two appeals from orders of the Probate Court for the county of Middlesex. The first is an appeal from the order, after hearing, denying a motion to frame issues for jury trial on the petition of Hugh J. McMackin and Mary Solari for probate of an instrument alleged to be the last will of Mary E. McCormick, deceased, late of Woburn in said county. The second is an appeal from two orders denying "as a matter of discretion" a subsequent motion to frame issues

for jury trial and a motion to amend the original motion. The second motion to frame issues and the motion to amend were filed more than nine months after the filing of the first motion and more than a month after a denial of that motion; and after an appeal to this court from the denial of said motion. At the hearing on the first motion to frame issue for a jury, the contestants waived "any question of execution" and "any question of sanity" and rested their entire contention on the ground that the will was procured to be executed by the alleged undue influence of Hugh J. McMackin and Mary Solari.

Mary E. McCormick died April 9, 1932, unmarried, aged about seventy-three years, leaving an estate valued at about $8,000. The will of Mary McCormick offered for probate is dated September 2, 1931. A former will was executed by Mary McCormick in 1926; there was a codicil to that will in 1927, and a new will in 1929. Each of these wills and the will propounded for probate named Hugh J. McMackin and Mary Solari as executors and trustees. After the payment of debts and funeral expenses, the will offered for probate gave the entire residue of the estate in trust, with power to apply the principal and income to the support of her sister Margery. At the sister's death $200 was given to Mary Doherty, one of the contestants; a total of $900 was given in four other personal legacies to friends and relatives; a total of $700 was given to various religious and charitable societies; the household furniture was specifically bequeathed, mostly to Mary Solari, and the entire residue after the death of the sister Margery was given to said Mary Solari and to said Hugh J. McMackin, who are two of the next of kin. In the will of 1926 there was a bequest to William J. McMackin of $100. This bequest was revoked in a codicil dated February 2, 1927. There was no bequest to William J. McMackin in the will of 1929. In each of these wills the residue was given to Hugh McMackin and to Mary Solari, and it was in evidence that they received under the will offered for probate less than they would have received under the will of 1929. Mary McCormick and her sister Margery, as a result of an accident, died

simultaneously. The trust therefore could never become operative, and the will would be effective as if the sister had died before the death of Mary McCormick. The only heirs and next of kin of Mary McCormick were eight cousins, five of them living in California. These cousins at one time visited Woburn for a short period. They were never intimate with Mary McCormick, and the only time they ever saw her was during that visit.

At the hearing on the first motion to frame issues, counsel for the contestants stated that he expected to prove at the trial that in December, 1931, Mary Solari talked with her brother William and told him that Mary McCormick had told her that Hugh and his wife, Margaret, had told her that William was a drunkard, was always in trouble and was absolutely no good, that he never worked, Hugh and his wife had always taken care of him and William didn't appreciate what was done for him; and that Mary McCormick when she was talking to Mary Solari inquired if these stories were true, if the statements which had been made to her were true; that Mary Solari also said to William that she had personally heard Hugh tell Mary McCormick that he had to pay something like $150 in court costs for William, that William was always in hot water and was a disgrace to the whole family; and that these statements were made by Hugh and his wife to the McCormick sisters and Thomas J. McMackin, deceased, when the McCormick sisters and Hugh and his wife and Mary Solari were all together in the McCormick household; that Mary Solari told William that she did not object to these slurs against him when they were stated by Hugh, his own brother, to the McCormick sisters because she did not want to make a row; that after Mary Solari had told William of this conversation she said to him, "You can thank Hugh and his wife for causing you to be left out of the will . . . . They have told her you are only an ordinary bum, but listen here, if you will promise not to go to court about that and raise a fuss, I will see that you get some money out of it all"; that, at the same conversation with William, Mary Solari told William that later she found out that (by a

previous will) Hugh was going to get more than she was; that "I put my brains together and this time I beat them to it"; that "My brains made the last will, not Hugh's. It was my brains the last time and not Hugh's." The contestants offered to prove that, after the death of Mary McCormick, Hugh McMackin wrote two letters to his brother William, who was then serving a two-year sentence at the Deer Island jail. The first of these letters, dated April 13, 1932, informed his brother that he had been cut off in the last will of Mary McCormick and reminded William that in former wills he had been remembered; and he told William that he ought to file a protest, that in the last will Mary Solari's ideas stood out prominently, and he agreed to engage a lawyer for William to see that his rights were protected. In a second letter, dated April 28, 1932, Hugh advised William to write to his sister, Mary Solari, and tell her that he (William) saw no reason why he should not contest the will.

The burden of proof is upon persons charging fraud or undue influence in procuring the execution of a will. *Davis v. Davis*, 123 Mass. 590. In the case presented to the Probate Court there is no evidence that Mary McCormick was in any way or to any degree influenced to eliminate her cousin William from her last will by reason of anything said or done by either Hugh McMackin or Mary Solari. Indeed, there was evidence that warranted the Probate Court in finding that Mary McCormick, at the time she executed the will offered for probate, was normal, was a woman of dominating type, with a strong mind, not easily susceptible to improper influence. There was evidence that she was careful in her money affairs, was thrifty, made investments carefully, and, in matters requiring legal advice, she conferred with attorneys at law. With a person so endowed the evidence of undue influence should rest upon a foundation of solid fact and not upon mere speculation to warrant the submission of the issue of undue influence to a jury. See *Neill v. Brackett*, 234 Mass. 367, 369, 370. In passing it is to be noted that the will in question and the two prior wills provided for the natural objects

of the bounty of the decedent, *Whitney* v. *Twombly,* 136 Mass. 145, and provided that the residue which might be inconsiderable or nothing at the termination of the trust should go to two of the next of kin, who were as close in blood to the decedent as any other of the next of kin. The evidence in its aspect most favorable to the contention of the contestants does not raise a genuine and doubtful question of fact upon which the contestants rightly might base a reasonable hope of favorable finding. *Fuller* v. *Sylvia,* 240 Mass. 49. This result would necessarily have followed had the original motion been in the form drafted in the final motion. It follows that denial of the several motions was right and that the orders of the Probate Court are affirmed.

*Decree accordingly.*