THOMAS P. CARROLL *vs.* WILLIAM FOCH CARROLL & another. December 2, 1948. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court in the matter of the alleged will of Julia A. Carroll, late of Woburn, deceased, denying a motion of the contestants for the framing of issues for trial by jury. Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion. See *Johnson* v. *Loring,* 267 Mass. 310; *Hogan* v. *Whittemore,* 278 Mass. 573, 579; *McMackin* v. *McMackin,* 283 Mass. 452, 455, 456; *Hannon* v. *Gorman,* 296 Mass. 437.

*P. B. Buzzell,* for the contestants.

*J. J. Fitzpatrick,* for the proponent.

ELIZABETH M. KEEFE *vs.* GRANT-WATKINS CO., INC. December 3, 1948. Exceptions overruled. Motion to amend count 3 of the declaration denied. In this action of contract or tort for personal injuries caused by the use of a hair dye purchased from the defendant, count 2 of the plaintiff's declaration was waived; on count 1, alleging breach of an express warranty of fitness, the jury returned a verdict for the defendant; and on count 3, alleging breach of an implied warranty of merchantability, the jury returned a verdict for the plaintiff. The plaintiff excepted to the entry under leave reserved of a verdict for the defendant on count 3, but now concedes that there was no evidence to sustain that count. There remains before us a motion of the plaintiff to amend count 3 by substituting a count alleging breach of an implied warranty of fitness. It is the plaintiff's contention that the case in fact was tried on the theory of breach of such a warranty and that justice requires that permission be now given to amend. It does not appear from the record that evidence offered at the trial was intended to support allegations other than those contained in counts 1 and 3. In charging the jury as to count 3, the judge expressly stated that it was "based on an implied warranty of merchantability." Although at the request of the plaintiff, the judge gave without objection certain rulings which seem foreign to the warranties referred to in the pleadings, there appears to have been no misunderstanding by the court or counsel as to the issues involved. It is noted that the action was brought in 1943; count 3 was added by amendment in 1945; the bill of exceptions was allowed in May, 1948; no motion to amend was filed the Superior Court; and the instant motion was first presented to this court at the time of oral argument on November 3, 1948. The interests of justice do not require its allowance by this court at this time. See *Noyes* v. *Noyes,* 224 Mass. 125, 134; *Johnson's Case,* 242 Mass. 489; *Pizer* v. *Hunt,* 253 Mass. 321, 331, 332; *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 181.

*J. P. Healey,* (*W. J. O'Neill* with him,) for the plaintiff.

*K. C. Parker,* (*P. S. Ratzkoff* with him,) for the defendant.